Fuller *vs.* Buice *et al.*

---

FULLER *vs.* BUICE *et al.*

1. It is not within the province of a court of equity to make contracts for parties, or, when parties make a contract between themselves, to rescind or set it aside, where there has been no fraud practiced, and no device or artifice resorted to by which one of the parties was taken advantage of.
2. Under the facts of the case, the charge of the court was a fair one, and the plaintiff in error has no right to complain.

April 16, 1888.

Equity. Contracts. Fraud. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1887.

Reported in the decision.

T. P. WESTMORELAND, for plaintiff.

J. B. GOODWIN and J. A. ANDERSON, *contra.*

BLANDFORD, Justice.

Fuller brought his bill in the superior court of Fulton county against Buice *et al.* for the purpose of rescinding a contract for the sale and exchange of land. The complainant alleged that, being the owner of a lot of land in the city of Atlanta, which he was desirous of exchanging for a place in the country to which he could carry his children and raise them, he applied to Hendrix & Osborn, real estate brokers, of Atlanta, to find if they had for sale a place in the country; that he was informed by them that they had for sale a place in the country some six miles from Atlanta, containing upwards of eighty-six acres; that he was given a memorandum describing the land, and was requested to go and examine it; that he went to the place to examine the land, but that while he was there it was sleeting very hard, and he did not examine the land; that he afterwards met Mr. Buice, the owner of the land, who made certain false representations to him as to the value of the land and its condition and its fitness for cultivation; and that he thereupon made the exchange. The bill prays that, on account of these false representations, the contract for the exchange of the land be rescinded and set aside. The evidence shows that Fuller visited the place in the country in order to examine the land, as stated, and was unable to do so on account of the sleet; that he afterwards met Buice and proposed to trade with him; and, according to Buice's statement, he (Buice) proposed to tell Fuller something about the land, but Fuller told him that he (Fuller) knew more about it than he did; and they thereupon traded. Fuller got a very bad bargain; but the evidence does not show that Buice practiced any fraud upon him at

all; indeed it shows affirmatively that Fuller had it in his power to examine this land before he made this contract with Buice; and we think he ought to have done so. Buice did nothing to prevent him from examining the land, and he could have examined it thoroughly.

1. We do not think it is within the province of a court of equity to make contracts for parties, or, when parties make contracts between themselves, to rescind them or set them aside, where there has been no fraud practiced and no device or artifice resorted to by which one of the parties was taken advantage of; and such does not appear to be the fact here.

2. Some exceptions are taken to the charge of the court; but we think, under the facts of the case, that the charge of the court was a fair one, and the plaintiff in error has no right to complain.

We refer to the following decisions of this court upon this subject: *Tindall vs. Harkinson et al.*, 19 *Ga.* 448; *Castleberry vs. Scandrett*, 20 *Ga.* 242 ; *Payne vs. Smith et al.*, 20 *Ga.* 657; *Collier vs. Harkness et al.*, 26 *Ga.* 362; *Allen vs. Gibson*, 53 *Ga.* 601.

Judgment affirmed.