## 939.  ARNOLD *v.* ADAMS.

1. A witness testifying by interrogatories to the correctness of an account, as to the items of which he has personal knowledge, may include, as a part of his testimony, a copy of the account, thereby identifying the subject-matter of his testimony.

2. "An objection that a document offered in evidence was not admissible, because the execution of the same was not proved as required by law, being overruled, the presumption is that the execution was duly proved, unless the contrary affirmatively appears, either by an authentic statement that there was no evidence of execution, or by setting out such evidence on that subject as was adduced to the presiding judge. Mere preliminary evidence upon such a question is not for insertion in the brief of evidence requisite to support a motion for a new trial. Consequently, its absence from the brief does not warrant the conclusion that the overruled objection should have been sustained."

3. Where there is a conflict in the evidence as to whether a third person was agent for one of the parties, the court may admit testimony as to transactions with the alleged agent, and submit it to the jury, with appropriate instructions as to its relevancy being conditioned upon their finding that the agency did in fact exist.

4. Minor and immaterial errors in the admission of testimony will not work the reversal of a verdict fully supported by the evidence.

Appeal, from Morgan superior court—Judge Lewis.   December 2, 1907.

Submitted February 25,—Decided March 16, 1908.

*George & Anderson,* for plaintiff in error.

*Percy Middlebrooks, M. C. Few,* contra.

POWELL, J.   1. A witness who testifies as to the correctness of an account sued on, consisting of several items of goods furnished to the defendant, may, after showing that he has personal knowledge of the correctness of each item, attach a copy of the account with due reference thereto as an exhibit to his interrogatories; the copy of the account is thus simply a part of the means by which the witness presents the facts to which he testifies.   The fact that the witness may have refreshed his memory from his books or from any other source, or that the exhibit, which embodies the substance of his testimony, is a literal copy from his books, does not render the testimony inadmissible, if, after all, the witness testifies to the correctness of the same from his own knowledge, memory, and recollection.

2.   A ground of the motion for a new trial complains that the court admitted in evidence a certain telegram, on the ground that its execution by the defendant, by whom it purported to have been signed, was not proved.   This ground of the motion does not recite any of the preliminary evidence heard by the court as to the authenticity of this telegram, or as to whether the defendant signed it.   The second headnote, which is copied literally from the case of *Kelly* v. *Kauffman Milling Co., 92 Ga.* 105 (18 S. E. 363), fully disposes of this assignment of error.

3.   Where there is evidence pro and con as to whether a named person was or was not the agent of the defendant, and the plaintiff offers to prove transactions and communications with such alleged agent dum fervet opus, it is proper for the court to submit all the evidence to the jury, letting the question of the effect to be given to these communications and transactions with the agent abide their determination of the preliminary question as to whether the alleged agent was in fact authorized to act for the defendant in the given transaction.   In this case there was evidence that the defendant had admitted that the person placing orders with the

plaintiff for a portion of the goods was in fact authorized by him to place those orders; therefore the court properly submitted the whole matter to the jury, including memoranda and declarations made by the alleged agent.in placing the orders.

4. The court allowed the plaintiff to testify that he knew that the defendant had received the goods which he had sent him by express, for that otherwise the express company would have returned them. Considered alone, this would seem to be a violation of the rules of evidence. However, under the facts of this case, if it were error, it was harmless, because the plaintiff did not have the burden of showing delivery to the defendant in person, but merely of showing delivery to the transportation company; and this he did. If the case were very doubtful and close, such an error might authorize a reversal on the theory that it tended to confuse the issues and to improperly influence the jury in their finding; but certainly it would be a prostitution of the powers of this court to overrule the judgment of the trial court refusing a new trial, upon an error so slight as this, in a case where the evidence so strongly preponderates in favor of the verdict. The plaintiff, most probably in doubt as to whether he had made sufficient proof of two items in the account, wrote off from his judgment the amount recovered for them. Some of the grounds of the motion for a new trial complain of the admission of testimony tending to support these items. If there was error in any of these rulings, the plaintiff's action in writing off from his judgment of recovery has cured it.

*Judgment affirmed.*