2794.   FOREMAN *v.* PELHAM.

1. In a proceeding to eject an intruder, under the Civil Code of 1895, §§ 4808 et seq., the sole question for determination is as to the good faith of the defendant in entering upon the land and in claiming the right of possession. Title is not involved, except in so far as it may tend to illustrate the question of good faith in the entry and the possession.

2. Unless the ground of a motion for a new trial complaining of the refusal of the court to admit secondary evidence contains the preliminary

evidence offered to show the inaccessibility of primary evidence, **no** question is thereby presented for the decision of this court.

3. The error of the trial judge in admitting in evidence a deed not properly attested will not be a sufficient ground for reversal, where, irrespective of the deed, the verdict is amply supported.

DECIDED FEBRUARY 15, 1911.

Eviction; from city court of Sylvester—Judge Williamson. June 27, 1910.

*J. J. Forehand & Son, Hixon & Greer,* for plaintiff in error.

*Perry, Foy & Monk,* contra.

HILL, C. J. 1. This was a proceeding to eject an intruder, under the Civil Code of 1895, §§ 4808 et seq. Title to the land was not involved, except in so far as it might illustrate the question of possession by the alleged intruder and the bona fides of the entry. *Lane* v. *Williams,* 114 *Ga.* 124 (39 S. E. 919), and cases cited. The verdict of eviction was fully supported by the evidence, and will not be disturbed, unless some material error of law was committed. The assignments of error contained in the amended motion for a new trial are abandoned, except two that relate to the rulings of the judge in admitting and rejecting certain documentary testimony.

2. It is said that the judge erred in refusing to admit in evidence a copy from the record of a deed, offered by the defendant for the purpose of showing his title to the land in question and his good faith in taking possession thereof. The ground of the motion on this point does not contain the preliminary evidence upon which the judge acted in excluding the secondary testimony, and we must presume that the preliminary showing as to the inaccessibility of the original deed was not sufficient to authorize the introduction of the copy. The preliminary evidence presented to the judge for the introduction of secondary evidence has no place in the brief of the evidence requisite to the motion for new trial, and, to be considered by this court, must be made a part of this ground of the motion. *Arnold* v. *Adams,* 4 *Ga. App.* 56 (60 S. E. 815); *Kelly* v. *Kaufman Milling Co.,* 92 *Ga.* 105 (18 S. E. 363).

3. It is next insisted that the judge erred in admitting in evidence in behalf of the plaintiff a quitclaim deed purporting to have been executed in the State of New York in 1887 and recorded in Worth county, Georgia, in 1888, the objection urged to the admission of the deed being that it was attested by only one witness. The

admission of this deed was probably erroneous, but was harmless error, in view of the undisputed evidence that the plaintiff had uninterrupted and continuous possession of the land for over thirty years. But, as before stated, the only question involved in this case was the good faith of the defendant in entering upon the land and in holding possession against the plaintiff; and the jury were fully authorized to conclude that both entry and possession were in bad faith.                                    *Judgment affirmed.*