3116. ÆTNA INSURANCE COMPANY *v.* PEAVY, guardian.

RUSSELL, J. 1. While it is true, as was held in *Stanley* v. *Stanley,* 123 *Ga.* 122, that a suit instituted by one as next friend of a person duly adjudged insane is subject to dismissal upon timely special demurrer (unless amended), if the petition fails to disclose that the insane person has no guardian, and alleges no other reason why it is necessary or proper for him to sue by next friend rather than by a duly appointed guardian, nevertheless, where a suit is instituted in the name of a person who, pending the trial of the suit, is found to be insane, and it appears from the record that the court itself appointed a guardian ad litem to represent the interests of the plaintiff in the case, and thereupon an amendment was filed, duly making the guardian ad litem a party, special demurrer will not lie on the ground that the petition fails to allege that no legal guardian has been appointed. It is to be presumed, until the contrary is shown, that the court acted lawfully and upon a proper showing in appointing the guardian ad litem.

2. The point that the verdict should have specified the damages in solido, instead of finding a designated sum with interest thereon, can not be raised under the general ground that the verdict is contrary to law and contrary to the evidence.

3. "An objection that a document offered in evidence was not admissible, because the execution of the same was not proved as required by law, being overruled, the presumption is that the execution was duly proved, unless the contrary affirmatively appears, either by an authentic statement [in the motion for a new trial, usually] that there was no evidence of execution; or by setting out such evidence on that subject as was adduced to the presiding judge. Mere preliminary evidence upon such a question is not for insertion in the brief of evidence requisite to support a motion for a new trial. Consequently, its absence from the brief does not warrant the conclusion that the overruled objection should have been sustained." *Arnold* v. *Adams,* 4 *Ga. App,* 56 (2), (60 S. E. 815); *Southern Railway Company* v. *Branch,* ante, 310; *Kelly* v. *Kauffman Milling Co.,* 92 *Ga.* 105 (18 S. E. 363).

4. An objection that a letter purporting to have been written by a person in behalf of the corporation was not admissible, because the authority of the person to write the letter was not shown, is substantially an objection that the execution of the letter was not shown, and falls within the spirit of the rule just quoted.

5. The requests to charge, so far as pertinent and in legal form, were covered by the general charge.

6. The errors assigned as to the charge of the court are not well founded, so far as they are material, except as to the matter of damages; as to which direction is herein given.

7. None of the exceptions to the admission of testimony, in so far as the exceptions themselves are in proper legal form, are meritorious.

8. The evidence, though it in some parts smacks of improbability, is not, from a legal standpoint, insufficient to support the verdict, so far as relates to the principal sum recovered.

9. There was sufficient evidence of the furnishing of the proofs of loss, to avoid a nonsuit.

10. The proof submitted as to the violation of the "iron-safe clause" was not such as to demand a verdict in favor of the defendant.

11. Under all the facts appearing in the record, the verdict is unauthorized, so far as it assesses damages against the insurance company, and the verdict is affirmed, on condition that the plaintiff in the court below will write off from his recovery the amount of the damages.

*Judgment affirmed on condition.*

DECIDED SEPTEMBER 11, 1911. REHEARING DENIED SEPTEMBER 30, 1911.

Action on insurance policy; from city court of Ocilla—Judge Oxford. December 12, 1910.

*King & Spalding, E. M. Underwood, Elkins & Wall,* for plaintiff in error.

*J. J. Walker, Newbern & Meeks, J. L. Mayson,* contra.