5564. CITY OF SPARTA *v.* SMITH.

RUSSELL, C. J. 1. When viewed in connection with other portions of the court's instructions upon the subject of the preponderance of proof, the error of the court in charging the jury that they would determine the case in favor of that party with whom the evidence preponderated is not of sufficient materiality to require the grant of a new trial. When

the court has correctly instructed the jury that the burden rests upon the plaintiff to establish his case by a preponderance of proof, a timely and appropriate request is necessary to invoke fuller and more specific instructions as to the burden of proof.

2. Although a municipal ordinance may prescribe the method of and the causes for the removal of an obstruction from a street, it is not error for the court to give in charge to the jury the code definition of a nuisance, to aid the jury in correctly understanding the relative rights of the parties. Since the jury in the present case were properly instructed as to the force and effect of the ordinance, it is manifest that the application of the code definition of a nuisance was not harmful.

3. The instructions of the court to which exceptions are taken on the ground that the court submitted the reasonableness of the municipal ordinance to the jury, and upon the further ground that it was immaterial whether the ordinance referred to unreasonable or inconvenient obstructions or not, are not meritorious. The language of the court did not submit the reasonableness of the ordinance to the jury, and the plaintiff in error can not complain that the court, after instructing the jury that the control and general supervision of the streets was in the mayor and aldermen of the City of Sparta, further instructed the jury that if the use or obstruction of a highway by any person was a material inconvenience to the public or an inconvenience to their safety and travel, the legal definition of a nuisance would apply to it. Furthermore, since it was issuable whether the fence referred to in the testimony was removed as a nuisance or taken down by the city in pursuance of certain municipal improvements in altering and grading the abutting street, the bona fides of the city's act was in question, and the instructions of the court were therefore pertinent.

4. Though some of the dissevered excerpts from the charge disclose error, the instructions of the court, when analyzed and considered as a whole, were very favorable to the municipality, and afford it no just ground for complaint. *Brown* v. *Matthews*, 79 *Ga.* 1 (4 S. E. 13).

5. The evidence would have authorized a larger verdict for the plaintiff than the verdict rendered, and the court did not err in refusing a new trial. *Judgment affirmed. Broyles, J., not presiding.*
DECIDED FEBRUARY 3, 1915.

Action for damages; from city court of Sparta—Judge Moore. February 17, 1914.

*Burwell & Fleming,* for plaintiff in error.
*Allen & Pottle, R. H. Lewis,* contra.