## EZELL *v.* MOBLEY.

1. This being a suit for specific performance, based upon the ground that there had been a "virtual adoption" of the plaintiff by the defendant and her husband as their child, a paper tending to throw light upon the terms and conditions upon which the plaintiff as a little child

17

was received into the home of the defendant was relevant and material evidence.

(a) The mere recital in the motion for a new trial that the paper was admitted in evidence over the objection that there was no proof of its execution, is insufficient to show that as a matter of fact the execution was not proved.

2. The instruction to the jury relative to the computation of the amount of the mesne profits recoverable was substantially correct.

3. The erroneous statement by the court in his charge of the contentions of the losing party in regard to an important and material part of the evidence can not be held to be harmless.

4. The court erred in giving the following charge to the jury: "A party may deny the original execution of the contract sought to be enforced, or its existence in the shape then subsisting. In either event, if the contract be in writing and so declared upon, the denial must be on oath." This charge was not applicable to the facts of the case, and may have had the effect of misleading the minds of the jury in the application of material evidence.

5. Alleged defects in the form of the verdict, and the question of the sufficiency of the evidence, are not considered, as the case is remanded for a new trial because of errors in the charge of the court.

No. 1619.　May 17, 1920.

Petition for specific performance. Before Judge Park. Jasper superior court. August 5, 1919.

Mrs. Louise Ezell Mobley brought her petition for specific performance against Mrs. Leila Ezell, the widow of H. H. Ezell, who died intestate August 1, 1914. Mrs. Ezell paid up the debts of the decedent and took his entire estate without administration, and she is the sole defendant in the suit for specific performance. Petitioner alleges, that in the year 1895, when a small child, four or five years old, she was in the custody of one Mrs. M. M. Wolfe, who was connected with the Home for the Friendless in the City of Atlanta, and had possession and custody of petitioner; that Mr. and Mrs. Ezell, then residents of Jasper County, Georgia, had no children, and in May, 1895, petitioner was delivered by Mrs. Wolfe into the custody and control of the defendant and her husband; that the defendant and her husband agreed and contracted that they would raise, educate, and treat petitioner as their own daughter and make her their heir, and Mrs. Wolfe in consideration of said terms relinquished her control of petitioner together with all her claims and rights to further control; that petitioner, having entered the home of H. H. Ezell and his wife as their own child, changed her name from Wolfe to that of Ezell, by which she was

called until her marriage in 1907 to M. C. Mobley; that Mr. and Mrs. Ezell treated plaintiff as their own child and called her their child, assuring her that they considered her their own child to the same extent as if she were in fact such; that petitioner, believing that she was their child and upon the faith of their assurances, bestowed upon them natural affection which a child feels toward a parent, and in addition thereto performed various household duties set forth in the petition. Other facts are set forth in the petition, which, together with those recited above, petitioner insists amounted to a "virtual adoption" by the defendant and her husband of petitioner as their child. The petition sets forth a description of the real estate owned by H. H. Ezell at the time of his death, and certain other property, including four shares of the capital stock of a named bank. H. H. Ezell died intestate, without making provision in any way for petitioner, and without making her under the forms of law his heir; and petitioner prays that she be adjudged and decreed to be the heir at law of the said H. H. Ezell and vested with all the rights of a daughter by blood; that she have specific performance of the contract referred to and set out; that she be decreed to be the adopted child of H. H. Ezell and the defendant and entitled to a half undivided interest in the estate of H. H. Ezell and a tenant in common as of the date of his death with his widow; that the defendant be required to account to her for the rents, issues, and profits of the real estate, and that she have judgment against the defendant, also, for her proportion of the personal property. The defendant demurred to the petition generally, and upon the ground that there was a nonjoinder of parties, as there was no representative of the estate of H. H. Ezell made defendant. She demurred specially to that paragraph of the petition which attempts to set forth the property owned by the defendant in her own right. This last ground of demurrer was sustained, and the paragraph specially demurred to was stricken. The other grounds of the demurrer were overruled, and no exception to the judgment overruling them was filed. On the trial the jury returned the following verdict: "We, the jury, find for the plaintiff the specific performance of the contract, rents of land, int. on rent, dividends on bank stock $5,998.75." The defendant made a motion for a new trial, which the court overruled, and the defendant excepted.

*W. S. Florence* and *Miller & Jones,* for plaintiff in error.

*Greene F. Johnson,* contra.

BECK, P. J.  (After stating the foregoing facts.)

1. In the first ground of the amendment to the motion for a new trial error is assigned upon the ruling of the court permitting the plaintiff to introduce in evidence a certain written instrument which reads as follows:

> " In Atlanta, Ga.  I do hereby give the child heretofore known as Nita Wolfe, who was born in New Orleans, La., in 1890, being now five and a half years of age, to Haran H. and his wife Leila P. Ezell, of Shady Dale, Ga., to be raised and educated by them as their own daughter and made their heir.  My care of said child and claim on her ceasing from this time.
>
> "Witness, Mrs. B. L. Horton.                    Mrs. M. M. Wolfe.
>                                        Atlanta, May 28, 1895."

Movant recites that the defendant objected to the introduction of this paper "without proof of its execution;" on the further ground that it was not signed by Mr. and Mrs. Ezell; and also on the ground that the paper was irrelevant.

The recital that the paper was allowed over the objection that its execution had not been proved, in the absence of a distinct affirmative allegation that there was no proof of its execution, will not be considered.  If there was no proof of the execution made or attempted, that fact should have been affirmatively stated.  " An objection that a document offered in evidence was not admissible, because the execution of the same was not proved as required by law, being overruled, the presumption is that the execution was duly proved, unless the contrary affirmatively appears either by an authentic statement that there was no evidence of execution, or by setting out such evidence on that subject as was adduced to the presiding judge.  Mere preliminary evidence on such a question is not for insertion in the brief of evidence requisite to support a motion for a new trial.  Consequently its absence from the brief does not warrant the conclusion that the overruled objection should have been sustained." *Kelly* v. *Kauffman Milling Co., 92 Ga.* 105 (18 S. E. 363).

The court properly overruled the other grounds of objection to the admission of the writing in evidence.  While Mrs. Ezell denies that she ever had this document in her possession or that she

handed it to Mr. Mobley, the husband of plaintiff, there is evidence from which the jury could have found that this paper had been in the possession and custody of Mrs. Ezell from the time that petitioner as a small child entered her home until the date it was handed to Mr. Mobley; that the husband of the defendant knew that she had received this paper and that it was in her possession; and the document tends to illustrate the circumstances under which the plaintiff was received into the defendant's home, and to evince the truth of her contention as to the terms upon which she was taken by Mr. and Mrs. Ezell into their keeping and control. The paper was material evidence, and was not irrelevant.

2. The fifth ground of the amended motion for a new trial assigns error upon the following charge of the court: "And in the event you find in favor of the plaintiff for a specific performance, then you would have to go further and take into consideration what the rents of the property were as shown by the evidence in this case in the year 1914 and take into consideration what the rents were in the years 1915, 1916, 1917, and 1918; and you would ascertain what was the market value of such rents; and after you ascertain what the market value of the rents during those years was, add up those sums, and when you add them up divide it by two; and the court instructs you, if the plaintiff is entitled to a specific performance of the alleged contract, in addition thereto she would be entitled to one half of the net amount of the rent for the years 1914, 1915, 1916, 1917, and 1918." This charge is substantially correct; and construing the expression, "you would ascertain what was the market value of such rents; and after you ascertain what the market value of those rents during those years was, add up those sums, and when you add them up divide it by two," to mean the amount actually received as rent, the charge is not open to criticism on the part of the defendant. Of course, if there were supplies furnished by Mrs. Ezell during the years referred to and a part of the cotton received by her was in payment for these supplies, she should have been given the benefit of that fact.

3. The court erred in giving the following charge to the jury: "Gentlemen, if I have not already mentioned that, the defendant claims that the contract relied upon by the plaintiff in this case, that is, the paper that will be out before you, the defendant contends that the original word in that paper was 'care' and the word

'heir' has been written over the word 'care.' That is the contention of the defendant in the case, and the defendant contends that in the contract as originally written the word 'care' was used instead of 'heir' and that there was not any agreement on her part or the part of H. H. Ezell by which they agreed for the plaintiff to be the heir of either one as to their property." This seems to have been an attempt to state the contentions of the defendant as to the written instrument introduced in evidence, the admission of which is complained of in the first ground of the amended motion; whereas the true contentions of the defendant were that she had never had possession of this document at all; that the writing which she handed the husband of the defendant was a different one from that offered by the plaintiff and on an entirely different piece of paper. It is true that she does claim that the word "care" had been changed to "heir," but she insisted further that the writing offered was not the same document which she had handed to the defendant's husband. This was a material error in the statement of the defendant's contention upon a material part of the testimony; and it can not be held that such an error was harmless. Of course if the jury had remembered the testimony and analyzed it properly, they would have known that the court was erroneously stating the contentions of the defendant relative to this important piece of evidence; but we can not assume that the jury did disregard the court's statement of the contentions of the defendant and act entirely upon their recollection of the evidence and its proper setting in the case.

4. The court instructed the jury in part as follows: "A party may deny the original execution of the contract sought to be enforced, or its existence in the shape then subsisting. In either event, if the contract be in writing and so declared upon, the denial must be on oath." This was excepted to by the movant, on the ground that it had no application to the facts in the case and was calculated to mislead the jury to the injury of the defendant. This exception seems to be well taken. While the charge complained of had no application to the facts of the case, it is not unreasonable to suppose that the jury did apply it to the document above referred to, which was introduced by the plaintiff over defendant's objection. While it may be true that the jury were not misled, and might have understood that the paper in question had not been

sued upon or was not the foundation of the suit, or might have understood the charge to mean that a denial of the execution of the paper in the oral testimony of the defendant might be sufficient, this court does not feel authorized under all the facts to assume that such was the case, but must ascribe to the error committed the effects and results of an error in a charge not shown to be harmless.

5. Assuming that the defect in the form of the verdict will be remedied on the next trial, it is not necessary to consider the alleged defect in the form of the verdict, or as to the sufficiency of the evidence, as the judgment refusing a new trial is reversed upon errors in the charge.

*Judgment reversed. All the Justices concur.*