C. E. Sutton, Colley & Colley, contra.

---

12552.   JOLLY et al. v. CHATTAHOOCHEE FERTILIZER Co.

STEPHENS, J. 1. The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf. Civil Code (1910), § 3569. A landlord's agent having authority generally to look after the landlord's farming business in a certain community, whose conduct in respect to his dealings with one of the landlord's tenants will, in the language of the landlord, be "satisfactory" to him, is an agent having such general authority that it may be inferred that he possesses authority to bind the landlord in the purchase of supplies such as fertilizer furnished to the tenant which is necessary in the farming operations. Martin v. Bridges, 18 Ga. App. 24 (88 S. E. 747). There being proof of the existence of the agency, it follows that the declarations of the alleged agent as to the extent of his agency were not subject to the exception that they were inadmissible as hearsay. Widincamp v. Malsby, 24 Ga. App. 737 (5) (102 S. E. 178). The declarations excepted to, being part of the negotiations and therefore constituting a part of the res gestæ, were properly admitted in evidence. Civil Code (1910), § 3606.

2. There being evidence authorizing the inference that the defendants, who

resided in different counties, were joint obligors, and it appearing from the evidence that one of the defendants resided in the county in which the suit was pending, a plea to the jurisdiction, filed by the other defendant, upon the ground that he resided without the jurisdiction of the court, was not sustained.

3. The evidence authorized the verdict rendered for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 10, 1922.

Complaint; from city court of Tifton — Judge Price. April 28, 1921.

*Boykin & Boykin, Ridgdill & Mitchell,* for plaintiff in error.

*Smith & Christian,* contra.