## 14825.   PATTERSON *v.* THE STATE.

A conviction of fornication was authorized by the evidence.

It does not appear that the court erred, for the reasons assigned, in admitting in evidence the letter purporting to be from the defendant to the woman alleged to have been seduced by him.

DECIDED NOVEMBER 14, 1923.

Indictment for seduction; from Crisp superior court—Judge Crum.   June 15, 1923.

The letter referred to was signed with the defendant's name, under the words "From your true lover," and indicated that there had been previous correspondence between them.   It was dated July 2, 1921.   The date of the alleged sexual intercourse, as shown by the testimony for the State, was August 13, 1923. . From the brief of the evidence it appears that the letter was introduced after the defendant had made a statement to the court and jury, denying the intercourse, and denying that he had courted the girl alleged to have been seduced, or had sought her company, and stating that he knew "absolutely nothing about her, more than in school."   She testified that she was familiar with his handwriting, and that the letter was in his handwriting, and was received by her through the mail, in an envelope addressed to her.   He denied that it was written by him.   In the motion for a new trial it is alleged that the court erred in admitting the letter in evidence, over the objections of the defendant, then made, "that the execution of the same by the defendant had not been properly proven," and "that the same was incompetent, inadmissible, and irrelevant."   No evidence outside the letter itself is set out in the motion for a new trial, and the motion contains no statement as to proof of execution or absence of such proof, except the statement made in the objection of the defendant.

*Callaway & DeJarnette,* for plaintiff in error.

*Doyle Campbell, solicitor-general, A. Y. Clement,* contra.

LUKE, J.   The defendant was tried upon an indictment charging seduction, and was convicted of fornication.   He moved for a new trial upon the grounds, (*a*) that the evidence did not authorize the verdict, and (*b*) that the court erred in admitting a certain letter in evidence.   There was no error in admitting the letter in evidence (see *Arnold* v. *Adams,* 4 *Ga. App.* 56 (2), 60 S. E. 815), and the defendant's conviction was authorized by the evi-

dence. See *Hopper* v. *State*, 54 *Ga.* 389; *Boggs* v. *State*, 11 *Ga. App.* 92 (74 S. E. 716). It was not error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*