GRANT *et al.* v. MAXWELL.

1. The charge complained of in the first ground of the amendment to the motion for a new trial was not error for any reason assigned.
2. In the other ground of the motion exception is taken to the following charge of the court: "If the defendants relied upon the misrepresenta- tions made, if these misrepresentations could have been discovered, then they can't recover." Standing alone, this charge may be erroneous; but this is only a part of a sentence, as shown when we examine the

charge given by the court, and is followed by language which qualifies it; and this court will not reverse the judgment of the court below on exceptions to a fragment of a sentence in a charge to the jury, which does not set forth in its entirety or completeness the rule or proposition of law stated by the court.

No. 4854. June 24, 1925.

Attachment. Before Judge Irwin. Douglas superior court. March 16, 1925.

*J. J. Barge* and *J. H. McLarty,* for plaintiff in error.

*W. H. Swafford* and *Astor Merritt,* contra.

Beck, P. J. C. L. Maxwell brought suit against A. M. Grant and Mrs. Cora Grant upon four promissory notes for $875 each, which were given for ":part of purchase-money for a tract of land known as Watkins Mill, containing twelve and a half acres, more or less," in Douglas County, Georgia. These notes were signed by A. M. Grant and Mrs. Cora Tate. Grant and Mrs. Tate afterwards intermarried. The proceedings to collect the notes were begun by attachment, and subsequently a declaration in attachment was filed by. the plaintiff. The defendants filed a plea and answer. They admit the execution of the notes, and that they were given for the property named, but say that they refused to pay the notes or any part thereof for the reason that the consideration has failed. It is averred in the answer that "The said C. L. Maxwell, plaintiff in this case, represented to defendants that he owned a mill on Dog River which was well patronized, and that he had averaged grinding 5600 bushels of corn per year on said mill, when in fact and in truth he has never ground more than about 3200 bushels in any one year. That said Maxwell represented to them that the community was a good, prosperous community, and that the people had freely patronized the mill, and, while it was at the time of the trade in a somewhat run-down condition or out of repair, that he would put the mill in first-class condition at the time it was to be turned over to defendants. That these representations of Maxwell were false and known to him to be false when he made the statements to defendants, as the mill and property was and is worth practically nothing in the condition it was at the time plaintiff delivered possession to defendants. That defendants paid plaintiff the sum of $500 at the time of making the contract, on the representations made by him as to the custom grinding which he did, which representa-

tions were knowingly false." Defendants allege that the plaintiff failed to comply with his agreement to put the mill in first-class condition, and defendants were compelled to expend the sum of $1500 in endeavoring to put the mill and outhouses in proper condition for use, which required an entire year and up to the time the first note was due, and consequently the defendants were given no opportunity to operate the mill on any kind of a paying basis. Defendants further say, that "the false representation made by plaintiff as to. the amount of corn that the mill had ground was one that defendants could not know to be untrue, and did not know at the time the trade was made, and that the difference between the amount represented to the defendants [and the true amount] was such a fraud on these defendants that in equity and good conscience it should and does void the contract, and leaves the notes without any kind of valid, legal, or equitable consideration." Defendants further allege that the fraud perpetrated upon them knowingly by the plaintiff has injured and damaged them in the sum of $2000, and they pray that the contract be rescinded and the notes and bond for title be declared to be null and void; and that defendants have judgment against the plaintiff for the sum of $500 paid in cash and $1500 for material and labor expended in endeavoring to put the mill in a first-class condition.

The jury upon the trial of the case returned a verdict for the plaintiff. The defendants made a motion for a new trial, which being overruled, they excepted.

1. The court charged the jury in part as follows: "They [the defendants] also claim that they relied upon the representations made by the plaintiff as to the condition of the machinery, that they bought it on these representations, relying on the representations that he made about the condition of the machinery and property. I charge you, gentlemen, on that subject that the law is, on real estate or other property, that they can see if there are defects, if the defects are patent; whether it is real or personal property, if the defects are patent, then they are obliged to see the things that are open and can be easily seen. Where one purchasing land has the privilege of examining it before buying it, [and] instead of doing so voluntarily relies upon the statement of the vendor concerning its character and value, the contract

will not be rescinded or set aside, or the purchase-price of the land abated, because of the falsity of such statements, unless some fraud or artifice be practiced by the vendor to prevent such examination. That is true although the vendor in buying the land may have acted upon the misrepresentations of the vendor or his agents. That is true, gentlemen; that is the rule." This charge is excepted to on the ground that the "language of the charge restricted the jury to a purely legal and technical rule where no representations were made, as is shown by the evidence in this case." This exception is evidently without merit. The charge plainly deals with the effect of representations made by a vendor pending negotiations that result in a trade, and does not state "a purely legal and technical rule" applicable "where no representations were made."

Another exception to this charge is as follows: "The charge herein complained of would cause the jury to believe that the fraud practiced to prevent examination would necessarily require some other fraud than making false representations by the plaintiff as to material facts on which the defendants in good faith relied and on which statement the plaintiff expected the defendant to rely." We assume that this criticism is aimed at this part of the charge claimed to be objectionable, to wit: "The contract will not be rescinded or set aside, or the purchase-price of the land abated, because of the falsity of such statements, unless some fraud or artifice be practiced by the vendor to prevent such examination." The charge was not vitiated by the inclusion of this qualification in the rule as stated. It lays down a correct principle, one that has been recognized in several decisions in cases where issues were involved similar to that which we have before us now. In the case of *Martin* v. *Harwell,* 115 *Ga.* 156, it was said: "From the allegations of this plea it will appear that the defendant chose to rely upon the representations made by Harwell and Rogers respecting the quantity and character of the timber upon the tract of land containing twelve hundred acres. It is alleged that these representations were false and fraudulent, and that defendant was injured by relying and acting upon the same. The defect in the plea is that it did not disclose any emergency or condition authorizing the defendant to rely upon those representations without making for himself an examination of the premises.

If he had a reasonable opportunity to do this and failed to avail himself thereof, he is not, from a legal standpoint, entitled to complain of the deception which he alleges was practiced upon him. The allegations of the plea do not sufficiently show either that the defendant had no such opportunity, or that he was by the fraud or deceit of Harwell or Rogers prevented from thoroughly examining the timber upon the twelve hundred acres." In *Allen* v. *Gibson,* 53 *Ga.* 600, it was held: "That a defendant paid too much for land is no defense to notes given for the purchase-money, where he had opportunity of examination, even though he acted upon the representations of the plaintiff and another." Again it was held, in *Stone* v. *Moore,* 75 *Ga.* 565: "When the consideration of a contract is for land, the purchaser contracts with his eyes open; and if he is not in some way deprived of the opportunity of inspecting the land for himself by the fraudulent acts or conduct of the vendor, he will not be heard to complain; such things as the soil growth or springs on the land are open to inspection, and he is wilfully negligent if he fails to look and see for himself; it is his fault and negligence, and he can not be heard, either at law or in equity, to complain of the conduct of the other party, the effects of which could have been averted by slight diligence on his part." See also *Fuller* v. *Buice,* 80 *Ga.* 395 (6 S. E. 17). In *Thompson* v. *Boyce,* 84 *Ga.* 497 (11 S. E. 353), a similar principle was laid down. Under the facts of that particular case the court held that the seller of the land did, by a fraudulent artifice, prevent the purchaser of the land from examining it in person; nevertheless the principle announced above was restated and adhered to.

And so we conclude that the excerpt which we have quoted above from the charge is not objectionable upon either of the grounds of exception taken. The criticisms are directed at the charge as a whole. In the main it is a correct charge; there may be certain expressions used in the charge which are neither accurate nor correct, but they should have been singled out and excepted to and the special defects pointed out. Where an excerpt from a charge is excepted to as a whole, and parts of it are correct, laying down correct principles of law applicable to the case, the judgment of the lower court refusing a new trial will not be reversed upon this ground, though there may be some expressions used in the charge which were not correct nor accurate.

2. The other ground of the amended motion for a new trial contains an exception to the following part of the court's charge: "If they [the defendants] relied upon misrepresentations made, if these misrepresentations could have been discovered, then they can't recover." This is excepted to upon the ground that the language employed in this part of the court's instructions to the jury eliminates the "rule as to a misstatement of material facts by the plaintiff, which were in good faith relied upon by the defendants, and which misstatements were intended by the plaintiff to deceive the defendants, and which did deceive them." Standing alone, the charge is open to certain of the exceptions taken to it; because the expression, "If they [meaning the defendants] relied upon misrepresentations made," was broad enough to cover the misrepresentations which the defendants allege were made by the plaintiff as to the amount of custom grinding at the mill bought by them from the plaintiff. It is alleged in the answer of the defendants that the plaintiff stated to them that 5600 bushels of corn were ground at the mill a year; that this was false, and the plaintiff knew that it was false; that defendants could not know of its falsity, did not know of it, and were deceived thereby. If this allegation in the plea had been established by a preponderance of the evidence, it would have been the duty of the jury to return a verdict for the defendants, rescinding the contract, provided the offer to rescind was made in time. But upon examination of the charge to see the connection in which this sentence was used, we find that this language, which impressed us with a great deal of force when we first read it in the motion, could not have covered the question of misrepresentations as to the custom and patronage of the mill, because it was given in immediate connection with that part of the charge set forth in the first division of this opinion, and the charge was dealing with the case of one who purchases land and who has had the privilege of examining it before buying it, and the effect of relying upon the statements of the vendor concerning its character and value, where the purchaser fails to make an examination of the lands purchased, though he was not prevented from doing so through any fraud or artifice practiced by the vendor; and the exceptions to the charge are disposed of by what we have said in dealing with the exceptions to the first excerpt from the charge

quoted. But this last ground of the motion for a new trial might be more summarily dealt with by holding, as we have ruled in other cases, that an exception to a part of a sentence used in a charge, where that part of the sentence is not in itself complete but modified by what precedes or follows it in the same sentence, is not good, and a new trial will not be granted upon the ground of the motion containing exceptions to language which does not set forth some proposition or rule of law announced by the court to the jury.

The claims of fraud upon the part of the plaintiff made by the defendants in their answer were put in issue by the evidence for the plaintiff, and it was within the province of the jury to decide this question.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., dissenting, and Gilbert, J., absent for providential cause.*

HINES, J., concurs in the result.