## BENNETT *v.* THE STATE.

No. 7234. OCTOBER 19, 1929.

*O'Neal & O'Neal* and *James N. Rahal,* for plaintiff in error.

*George M. Napier, attorney-general, Walter C. Hartridge, solic-itor-general, T. R. Gress, assistant attorney-general,* and *Julian Hartridge,* contra.

BECK, P. J. Mary Bennett was tried under an indictment charging her and two others jointly with the offense of murder. The jury returned a verdict of guilty, with a recommendation. She made a motion for a new trial, which was overruled. Evidence introduced by the State showed a clear case of wilful and brutal murder. Under the evidence the jury were authorized to find that Mary Bennett stabbed the deceased, Thomas Ruffin, and inflicted a

mortal wound upon him, from which he died after running a short distance. Certain witnesses introduced by the defendant testified that the deceased committed a violent assault and battery upon the defendant before she stabbed him. By the charge of the court the theories both of the State and of the defendant were submitted to the jury. The judge charged on the subject of murder, voluntary manslaughter, involuntary manslaughter, and justifiable homicide. The motion for new trial contains the general grounds that the verdict is contrary to law and without evidence to support it. These grounds were not urged. The motion contains two special grounds, in which error is assigned upon portions of the charge of the court quoted in those grounds.

■ Error is assigned upon the court's instruction as quoted in the first headnote. The criticism upon this portion of the charge is that the jury "should have been instructed as to the effect of these words if they found that they were uttered by the defendant." This criticism is without merit. Nor does the movant even attempt to show what instruction the court should have given "as to the effect" of the language referred to in the charge. The court did submit to the jury whether or not these words were used; and it was not erroneous, after submitting that question, to instruct the jury that they could consider whether or not the words showed express malice.

■ The ruling in the second headnote requires no elaboration.

*Judgment affirmed. All the Justices concur.*