26265. POLLARD, receiver, *v.* PAGE.

FELTON, J. 1. Where the court several times charged the jury that the burden of proof of making out a case by a preponderance of the evidence was on the plaintiff, the charge, "yet should you determine that from all the evidence in the case, the evidence of the plaintiff on the one hand and the evidence of the defendant on the other in the entire case, that the evidence preponderates in favor of the defendant, then I charge

you that the plaintiff would not be entitled to recover," was not such error as will require a new trial. *City of Sparta* v. *Smith*, 15 *Ga. App.* 656 (84 S. E. 151).

2. The court did not err in overruling a motion by the defendant's counsel to require the plaintiff to submit to a physical examination by physicians selected by the defendant, where the expressed reason for the ruling was that the plaintiff, on request, was entitled to have his physician present, who was not available at the time. There was no motion that the court appoint a physician of its own selection to make the examination.

3. It was not error to permit the plaintiff, who was not an expert witness, to express his opinion as to the cause of his condition, where he stated the facts on which it was based. An expert witness, a physician, may likewise express his opinion as to the plaintiff's condition, after giving the basic facts.

4. The court charged the jury that if the plaintiff by the exercise of ordinary care and diligence could not have avoided the consequences of the defendant's negligence, he would be entitled to recover. If the defendant's counsel desired more elaborate and more detailed instructions on this question, he should have made a written request therefor.

5. The court in the charge did not unreasonably or unnecessarily stress the claim of the plaintiff that he had sustained personal injuries.

6. There is no merit in any of the assignments of error. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 23, 1937. REHEARING DENIED OCTOBER 7, 1937.

*A. S. Bradley, E. W. Jordan,* for plaintiff in error.
*J. D. Godfrey, W. M. Goodwin,* contra.