## 39493. CHEELEY v. WILCHER.

FRANKUM, Judge. Allen Cheeley, doing business as Cheeley Motor Company, brought an action against Warren Wilcher upon an alleged balance due on a note given by defendant to the plaintiff for part of the purchase price of an automobile, title to which was retained in the plaintiff as security for payment of the note.

The undisputed facts show that the defendant became delinquent in making payments on the note. Defendant testified that the plaintiff's agent, who collected three or four payments on the note, repossessed the automobile for the plaintiff, and, at the time of doing so, stated: "Mr. Cheeley had told him to come down and pick up the car and put it in storage and that if I caught up my payments in a week or two, I could have the car back, but that if I did not catch up the payments by that time he would take the car for the balance due on the note and sell it and that would end the matter . . . and that is the last I heard about it until this suit was filed against me." The plaintiff objected to the above testimony relating to the statements of the alleged agent as follows: "We object to the evidence—it is hearsay—this unnamed, alleged agent of Mr. Cheeley is not a party to this

suit. The witness has testified that he didn't know if the alleged agent was acting within scope of his authority or had authority to make the statements that he did. Agency can't legally be proven alone by declarations of an alleged agent—it is not sufficient evidence of agency." The overruling of this objection is the sole assignment of. error in this appeal. *Held:*

As we understand the import of the plaintiff's objection it is that agency was not proved in this case and cannot be proved by the declarations of the purported agent. In *Malsby & Co. v. Widincamp*, 24 Ga. App. 737 (5) (102 SE 178), it was held: "While the declarations of an agent are incompetent to prove agency, yet, where there is testimony otherwise to establish this fact, such declarations may be admitted as corroborative of such testimony." In the instant case the plaintiff testified that his agent (James Boyer) "repossessed the automobile." The note in question was placed in evidence and shows that five payments of $40 each were made to the plaintiff by the defendant. Plaintiff, the first witness in the case, testified that he had received $200 on the note, and the defendant testified, without contradiction, that he paid "three or four payments" on the note to the plaintiff's agent, the same person who "picked up the car." Cf. *Walton Guano Co. v. McCall*, 111 Ga. 114 (36 SE 469). See also *Code* § 4-302.

As stated in *Jolly v. Chattahoochee Fertilizer Co.*, 28 Ga. App. 194 (1) (110 SE 639): "There being proof of the existence of the agency, it follows that the declarations of the alleged agent as to the extent of his agency were not subject to the exception that they were inadmissible as hearsay." See also *Arnold v. Adams*, 4 Ga. App. 56 (60 SE 815). Accordingly, it was not error to admit the testimony.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED SEPTEMBER 25, 1962—REHEARING DENIED
OCTOBER 2, 1962.

*Casey Thigpen*, for plaintiff in error.
*Marshall L. Fountain*, contra.