### 40290. GRAY v. GENERAL FINANCE CORPORATION OF ATLANTA.

PANNELL, Judge. 1. "A seller who, under a contract of sale, has the right, upon default by the purchaser in the payment of an installment due on the purchase-price, to repossess the property sold and sell it and apply the proceeds upon the unpaid purchase-price, can not, where he has acquired possession of the property from the purchaser for a purpose other than to sell the property under the terms of the contract, afterwards, without notice to the purchaser of the seller's intention to do so, sell the property in accordance with

the terms of the contract and apply the proceeds of the sale on the unpaid purchase-price. Such act of the seller amounts to a rescission of the contract, and upon the acceptance by the purchaser of such rescission the purchaser may recover of the seller the amounts theretofore paid on the purchase-price of the property, less the value of the hire of the property while in the possession of the purchaser." *Southern Auto Finance Co. v. Chambers,* 65 Ga. App. 259 (1) (15 SE2d 903). However, the above-quoted rule does not apply where, as in the instant case, a purchaser when sued for a deficiency files a plea but does not plead a rescission, *Code* § 81-307, and upon the trial there is no evidence of "the acceptance by the purchaser of such rescission," and there is uncontradicted evidence that he was notified of the intent to sell in accordance with the terms of the contract even though the sale was not had on the day specified in the notice. It necessarily follows, therefore, that the evidence did not demand a finding in favor of the defendant purchaser in accordance therewith.

2. While, generally, a party should be permitted to explain the absence of witnesses which the evidence shows have knowledge of facts material to the case, *Morgan County v. Glass,* 139 Ga. 415 (5) (77 SE 583), *Richmond &c. R. Co. v. Garner,* 91 Ga. 27 (1) (16 SE 110), *Macon R. &c. Co. v. Mason,* 123 Ga. 773 (51 SE 569), *Foster v. Atlanta Rapid Transit Co.,* 119 Ga. 675, 678 (46 SE 840), *Shaw v. State,* 65 Ga. App. 754, 758 (4) (16 SE2d 443), so as to avoid the application of *Code* § 38-119 as to presumptions arising from failure to produce evidence, the exclusion of testimony of explanation, if error, is harmless error, where the evidence of such witness or witnesses would be merely cumulative of the testimony of the complaining party, and which testimony the verdict of the jury shows they accepted, and upon which they based their verdict finding in favor of the plaintiff an amount less than that sued for in the petition.

3. A conditional sale contract which shows on its face a valid assignment by the seller to the plaintiff is admissible in evidence in a suit by the plaintiff on said contract against the purchaser over the objection that the contract purports to be one between defendant and the seller and the seller is not a party to the action.

4. Even though an objection to the admission of documentary

evidence as not "properly identified as a trade record" and as not "being identified in accordance with the shopkeeper's rule" might be sufficient to invoke a ruling by the trial court as to the admissibility of said evidence under *Code Ann.* § 38-711, yet, since the mere recital in the motion for a new trial that the preliminary proof of the requirements for admissibility was lacking was no proof of such fact, and is insufficient to show that as a matter of fact such preliminary proof was not made, then this court, in the absence of such showing, must presume that such preliminary proof was made and affirm the action of the trial judge in admitting the evidence. See in this connection, *Kelly & Bro. v. Kauffman Milling Co.*, 92 Ga. 105 (18 SE 363); *Ezell v. Mobley*, 150 Ga. 257 (1a) (103 SE 238); *Arnold v. Adams*, 4 Ga. App. 56 (2) (60 SE 815); *Southern R. Co. v. Branch*, 9 Ga. App. 310 (4) (71 SE 696); *Aetna Ins. Co. v. Peavy*, 9 Ga. App. 759 (3) (72 SE 300).

5. Upon application of the foregoing rulings to the instant case, and it appearing that the evidence otherwise authorized the verdict found, the trial judge did not err in overruling the defendant's motion for new trial and motion for judgment notwithstanding the verdict.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*

DECIDED OCTOBER 31, 1963.

*Scott Walters, Jr.,* for plaintiff in error.