### 40419.   KING v. BAKER.

PANNELL, Judge.   1.   Where a landlord is sued by a tenant seeking damages for an alleged unlawful eviction occurring while the tenant was absent on a trip, in which suit punitive damages are sought, it is proper, on cross examination of the defendant landlord, to elicit information as to his knowledge of the law relating to the legal and proper method of evicting a tenant.   Such evidence bears directly on the question at issue.

2. The following charge is patently argumentative and inflammatory and the giving of same was reversible error: "Where a landlord, without the tenant's consent and before the expi-

ration of the term, enters upon the rented premises without authority of law and forcibly evicts the tenant and rents the premises to another, and in so doing, takes possession of the tenant's effects and moves them and damages them, the landlord thereby commits an inexcusable trespass against the tenant whereby the tenant's home and abode is broken up and destroyed. In a suit by the tenant against the landlord to recover damages for such tortious eviction, where the evidence authorizes the jury to infer that the tortious act of the landlord in evicting the tenant was attended with such aggravating circumstances, the jury is authorized to find a sum in punitive damages or damages for compensation for the wounded feelings of the tenant."

3. A charge that the statutory law of the State of Georgia provides for the issuing of dispossessory warrants for eviction of tenants, and that this is the only legal manner in which a tenant and his property can be removed from the rented premises is not subject to the criticism that it was erroneous and not sound as an abstract principle of law.

4. Where, as in the present case, the plaintiff claims general, special, and also exemplary damages under *Code* § 105-2002 for a wilful tort, good faith is a defense to the claim for exemplary damages, and a charge "that the good faith of the defendant can be considered by the jury in mitigation of damages" (as would be proper under *Code* § 105-2013 relating to the cutting of timber) is not adjusted to the issues and might be confusing to the jury, and the failure to so charge is not error.

5. Where different elements of damages are claimed, as to which there are different rules for estimating damages, the different rules should be given in charge to the jury. The charge in the instant case (after calling the jury's attention to the amount sought for the three different elements of damage, general damages, punitive damages and special damages) that "therefore, having wide discretion, you may allow the full amount of the damages to be recovered or you may allow a lesser amount than the damages sought to be recovered," may have confused the jury and caused them to apply to one element of the damages the rule applicable to another. *Furney v. Tower*, 34 Ga. App. 739 (5) (131 SE 177).

6. An assignment of error that the failure of the trial judge to give a stated charge after charging "on punitive damages was

erroneous and not sound as an abstract principle of law" presents no question for decision by this court.

7. When viewed in connection with other portions of the court's instruction upon the subject of the preponderance of proof, the error of the court, if any, in charging the jury that they would determine the case in favor of that party with whom the evidence preponderated is not of sufficient materiality to require the grant of a new trial. *City of Sparta v. Smith,* 15 Ga. App. 656 (1) (84 SE 151); *Strahley v. Hendricks,* 40 Ga. App. 571 (8) (150 SE 561).

8. Where the charge excepted to is only part of a sentence, or an uncompleted fragment of a sentence, an assignment of error thereon raises no question for decision. *Loudermilk v. State,* 41 Ga. App. 286 (2) (152 SE 593); *Leath v. State,* 41 Ga. App. 371 (1) (153 SE 91); *Grant v. Maxwell,* 160 Ga. 612 (2) (128 SE 803); *Bennett v. State,* 169 Ga. 367 (2) (150 SE 100).

9. When the charge excepted to consists of a combination of widely scattered excerpts from the charge of the court such exception is insufficient to call for any ruling by this court. *Cole v. Pepsi-Cola Bottling Co.,* 65 Ga. App. 204, 211 (3) (15 SE2d 543).

10. Even if we should assume that an objection to the admissibility of documentary evidence on the grounds that "no proper foundation has been laid for its admissibility and what it purports to be" might be sufficient to invoke a ruling by the trial court as to the admissibility of such evidence, the mere recital in the motion to exclude that the preliminary proof of the requirements for admissibility was lacking is no proof of such fact, and is insufficient to show that as a matter of fact such preliminary proof was not made, and this court, in the absence of such showing, must presume that such preliminary proof was made and affirm the action of the trial judge in admitting the evidence. See *Kelly & Bro. v. Kauffman Milling Co.,* 92 Ga. 105 (18 SE 363); *Ezell v. Mobley,* 150 Ga. 257 (1a) (103 SE 238); *Arnold v. Adams,* 4 Ga. App. 56 (2) (60 SE 815); *Southern R. Co. v. Branch,* 9 Ga. App. 310 (4) (71 SE 696); *Aetna Ins. Co. v. Peavy,* 9 Ga. App. 759 (3) (72 SE 300).

11. Where a ground of a motion for new trial complains of the exclusion by the trial judge, apparently without objection made, of an answer given to a question, and it appears that the answer was not responsive to the question, the action of

the trial judge will be affirmed, even though the answer was otherwise admissible.

12. There was sufficient evidence to authorize the charges to the jury on the question of punitive damages.

13. The charges excepted to in grounds 1, 10 and 16 of the amended motion for new trial contain inapt expressions which are not likely to occur on a new trial of the case, and it is not necessary to determine whether said charges constitute reversible error.

14. In view of the fact that this case is being reversed and the evidence may be different and the verdict of the jury may be different upon another trial of the case, it is not necessary to determine whether the evidence presents sufficient data upon which the jury could have based the verdict for special damages, or whether there was sufficient evidence to sustain the verdict for the amount of general damages found, or whether the amount of punitive damages was excessive.

15. It follows that the trial court erred in overruling the motion for new trial for the reasons given in headnotes 2 and 5.

*Judgment reversed. Hall, J., concurs. Bell, P. J., concurs in the judgment only.*

DECIDED MARCH 3, 1964.

*C. B. King,* for plaintiff in error.
*Robert W. Reynolds,* contra.