## 50090. ATLANTA TRANSIT SYSTEM, INC. v. BIGGS.

SUBMITTED JANUARY 14, 1975 — DECIDED FEBRUARY 13, 1975.

*Hansell, Post, Brandon & Dorsey, Dent Acree,* for appellant.

*Rex T. Reeves, R. John Boemanns,* for appellee.

DEEN, Presiding Judge.

■ Error is enumerated on the refusal of the trial court to allow in evidence certain hospital records predating the injury, offered for purposes of impeachment. Four records were offered and one admitted. Two of the others showed hospital visits on entirely unrelated ailments. The fourth referred to a visit on April 23, 1963, for a breast examination. After a question relating to this, the plaintiff was asked whether she recalled telling them back then that she "had lost about 10 pounds in 6 months, and having chills, fever and night sweats," to which she replied that she had chills and fever from a kidney infection. "Q. Do you remember on such occasion you might have told them that your head hurts all the time and your eyes are blurry and dizzy. . .? A. No, sir, I do not recall. Q. That your ears were infected most of the time? A. No, sir. I don't recall. Q. That your tonsils were bad, you had frequent sore throats, and your heart was often stifled? A. I never had any trouble with

my heart other than when I take a lot of aspirin my heart would flutter."

On the six pages of proffered hospital records, this is the only testimony of the plaintiff pertinent to statements, which were shown on the report of April, 1963, as follows: "Head: 'Hurts all the time.' Eyes: 'Blurring and dizziness in a.m. Ears: 'Infected most of the time.' Cardiac: Often 'stifled.' " The remaining material was clearly inadmissible. *Cassano v. Pilgreen's, Inc.,* 117 Ga. App. 260 (2) (160 SE2d 439). As to that above quoted, it is noted that the witness replied only that she did not recall; that if the notes are interpreted as statements by the plaintiff they were made some seven years before the present injury and eleven years before the trial, the statements were not read to her or, indeed, positively identified. It was established long ago that where contradictory statements are offered for impeachment purpose the mind of the witness should be called to them with as much certainty as possible, and if they are in writing they should either be shown or read to him. *Estil v. C & S Bank,* 153 Ga. 618, 627 (113 SE 552). We recognize that under the authority of *McDaniel v. Gangarosa,* 126 Ga. App. 666 (191 SE2d 578) medical records otherwise inadmissible may on occasion be admitted for purposes of impeachment. In that case the irrelevant portions had been obliterated prior to admission. The offer of the entire hospital record here covering a number of years and of completely unrelated ailments, such as breast examination for cancer, varicose veins, kidney infection, etc., and without calling the witness' attention to the purported quotations from her delineation of symptoms, failed to lay a proper foundation for the medical reports, other than the one admitted in evidence.

■ The fact that injuries which occurred several years prior to the trial are still disabling in character is itself sufficient to authorize a jury to find that such injuries are permanent. *National Upholstery Co. v. Padgett,* 111 Ga. App. 842, 846 (143 SE2d 494). In the present case there was affirmative testimony to the same effect, and the court charged the jury that sympathy should play no part in their deliberations, and that the plaintiff, to be entitled to recover, must show the

defendant's negligence to be a contributing proximate cause of her injuries, "that which, in a natural and continuous sequence, unbroken by any new cause, produces an event." Diminution of capacity to labor, as well as future pain and suffering, are elements of damage, the amount of which is entirely within the enlightened conscience of the jury. There is no fixed rule for estimating them. *Ga. Pac. R. Co. v. Freeman,* 83 Ga. 583 (10 SE 277); *Atlantic C. L. R. Co. v. Hansford,* 85 Ga. App. 507 (69 SE2d 681); Cohen v. U. S., 389 F2d 689. Even an estimate of lost future earnings involves a number of problematical factors such as their future increase or decrease in the market place, and all the other vicissitudes of life such as illness and old age. *City Council of Augusta v. Drawdy,* 75 Ga. App. 543, 547 (43 SE2d 569). Therefore, an instruction that no damages relating to the future may be awarded unless it is proved "what their extent, if any, will be" might well confuse the jury into believing that a monetary value would have to be shown by a preponderance of the evidence. In view of the charge as a whole, the failure to instruct the jury on future damages in the language requested was not error. Nor was it error, in view of the testimony as to elapsed time and continuance of symptoms, to permit a medical witness to state as an opinion that the plaintiff would need future medical treatment. *Central Truckway v. Harrigan,* 79 Ga. App. 117 (53 SE2d 186).

■ A question to a medical witness whether he would relate present depressive symptoms to the 1970 accident was objected to on the ground that the record does not reveal the situation prior to 1970. The doctor's eventual response was, "The only clue that we would have to this would be her job function capability." The plaintiff testified generally that she had no disability prior to the accident. Disregarding this latter fact, it is obvious that the witness to some extent avoided the question, limiting his criterion to job function, and in fact not stating any specific comparison. A medical witness may state a conclusion after indicating the facts on which it is based. *Pollard v. Page,* 56 Ga. App. 503 (3) (193 SE 117). When he does so, if the opinion is founded on an insufficient factual basis, this does not make it inadmissible but only goes to

its credit. *Williams Bros. Grocery Co. v. Blanton,* 105 Ga. App. 314 (2 c) (124 SE2d 479). There was in fact no answer to the hypothetical question as posed, and no objection to the answer elicited. Thus no error harmful to the movant appears.

*Judgment affirmed. Evans and Stolz, JJ., concur.*