GEORGIA BREWING ASSOCIATION *v.* HENDERSON, by next friend.

In a suit for damages for personal injuries occasioned by the negligence of the defendant, the plaintiff can not recover except upon the acts of negligence set out in his declaration.   It is therefore error to give the jury instructions to the effect that, if the defendant was not guilty of the acts of negligence alleged, still the plaintiff might recover if the defendant were in other respects negligent.

Argued February 25, — Decided March 19, 1903.

Action for damages.   Before Judge Norwood.   City court of Savannah.   February 12, 1902.

*P. J. O'Connor*, for plaintiff in error.
*Robert L. Colding*, contra.

SIMMONS, C. J.   Henderson, by next friend, brought an action against the Georgia Brewing Association to recover damages for personal injuries.   He alleged in his declaration that he was riding a bicycle on Drayton street, in the city of Savannah, going south and riding on the right side of the street; that a beer wagon of the defendant was on the same side of the same street, going north, and that by the gross negligence of the driver of the wagon plaintiff was injured and damaged by coming in contact with one of the horses attached to the wagon.   To this declaration a special demurrer was filed.   To meet the demurrer, the plaintiff amended by alleging that the servants of the defendant were grossly negligent in that the driver of the wagon "was negligently driving on the left-hand side of Drayton street going north, and further was driving at a fast and reckless rate of speed."   On the trial of the case the evidence was conflicting as to which side of

the street the wagon was driving upon, and there was no evidence whatever that the wagon was driven at a fast or reckless rate of speed. It appeared from the evidence that, whether the wagon was upon the left or right side of the street, it was necessary for the transaction of the defendant's business for the driver to turn to the left, leave Drayton street, and enter a lane which intersects Drayton street at right angles. As the horses turned to enter the lane, the plaintiff, drawing near, turned to his right into the lane in order to avoid a collision. As the horses crossed the sidewalk and entered the lane, the plaintiff collided with them, or with the pole of the wagon, or else slipped and fell from his wheel in endeavoring to avoid the wagon. The jury returned a verdict for the plaintiff. The defendant moved for a new trial. The motion was overruled, and the movant excepted.

One of the grounds of the motion for new trial complained of the following charge of the court as not being adjusted to the pleadings: "As to the question of the right of way,—I mean keeping to the right,—I charge you that is the rule where two parties are meeting each other upon the highway, but it is qualified when one or the other is turning to the right or the left into another road, or a street, or a lane. In that case it may be necessary to turn to the left, and, if so, the party turning to the left is not exonerated from still exercising all due care and diligence to see that he does not injure any one else. But the strict principle of keeping to the right of the road does not hold in the case where a party's business requires him to turn either to the right or left." The complaint was based upon that part of the charge which stated that, even if the party had to turn to the left, still he would not be exonerated from exercising all due care and diligence to see that he does not injure any one. Counsel claimed that this charge allowed the jury to find against the defendant association on a theory not set out in the plaintiff's declaration; that the declaration alleged negligence in but two particulars, the driving at a reckless rate of speed and the driving on the wrong side of the street; that there was no evidence of a reckless rate of speed, and the evidence was conflicting as to the driving upon the wrong side of the street; and that this charge left the jury free to decide against the defendant, although it was not negligent in either of the particulars alleged in the declaration, or although the driving upon the wrong

side of the street, if the wagon was driven on that side, did not contribute at all to the injury. We think the complaint is well founded. That the plaintiff can not recover upon any act of negligence other than those set out in the declaration is so well settled that it is unnecessary to cite authorities. There was no allegation in the declaration that the servant of the defendant did not exercise the proper care in turning into the lane or after having so turned. The charge above quoted may be sound as an abstract principle of law, but, inasmuch as there was no allegation of negligence of that kind, it was inapplicable to the issues made by the pleadings in the case. Under this charge the jury might have believed the witness for the defendant who testified that the wagon was driven on the proper side of the street, and still, under this charge, if they thought that the driver did not exercise ordinary care in other respects, they would be authorized to find for the plaintiff; or if they believed that the wagon was on the wrong side of the street but this fact did not contribute to the collision, still they would be authorized to find for the plaintiff under this charge.

Counsel for the defendant in error argued that, although this charge may not have been adapted to the pleadings in the case, evidence had been admitted, without objection, as to the want of care of the driver, and, therefore, the court had a right to instruct the jury as to the effect of it. We think that no evidence was admitted upon this subject which would not have been admissible under the pleadings. The real contest seems to have been as to how the accident occurred,—whether the plaintiff recklessly ran into the wagon, and whether he could have avoided the injury by the exercise of due care. There was no evidence as to the conduct of the driver which was not admissible upon these issues. Moreover, this court has not held in any case we now remember, or which has been cited, that the plaintiff can recover for acts of negligence not set out in the declaration, where the allegations therein are plain and unambiguous. All the cases cited by counsel for the defendant in error were decided upon declarations which were ambiguous, and evidence allowed to go in, without objection, upon a declaration susceptible of more than one construction. The charge complained of in the present case was error.

There were other charges excepted to of which we do not approve, but they will not probably be repeated upon another trial of

the case, and it is, therefore, unnecessary to deal with them.

*Judgment reversed.     By five Justices.*