11110.   SOUTHERN RAILWAY COMPANY *v.* WINN.

Conceding for the purposes of this case that a presumption of negligence
was raised against the railway company, under the Civil Code (1910),
§ 2780, by evidence that soon after a train had passed over its track
a passenger's dead body with bruises on the head was found beside the
track, this presumption was raised only as 'to acts of negligence alleged
in the plaintiff's petition; and every alleged act of negligence which
could have been the proximate cause of the death was disproved by the
evidence.  The plaintiff could not recover for other than the specific
acts of negligence pleaded; and, the verdict rendered for the defendant
being demanded by the evidence, the court erred in granting a new trial.
DECIDED JULY 14, 1920.

Action for damages; from city court of Brunswick—Judge
Krauss.  October 3, 1919.

*Bennet, Twitty & Reese, J. T. Colson, F. M. Scarlett Jr.,* for
plaintiff in error.

*Oliver & Oliver, D. M. Clark,* contra.

LUKE, J.  Mrs. Mary Winn sued the Southern Railway Com-

pany for damages, alleging that her minor son, upon whom she was dependent, boarded a passenger-train of the defendant, as a passenger, for the purpose of being transported from Brunswick, Georgia, to Jesup; that the train was crowded and her son could not get a seat in the coaches and was forced to ride on the platform of the rear car of the train; that among the passengers were five other persons (naming them) who were not seated and who were intoxicated and disorderly on the train, and that these persons had trouble with the ticket collector, and that the porter on the train restrained them from doing the ticket collector harm; that her son was sober and had not been drinking at all; that the persons named who were drunk went out on the platform where her son was standing, and invited him to take a drink with them, and he courteously declined; that the said persons stuck their bottles of whisky to his mouth and undertook to force him to drink, and that he still refused to drink; that three of the said persons, without any provocation whatever, assaulted her son and struck him several times, and knocked him off of the rapidly moving train, and he was instantly killed thereby. It was alleged that the company, its servants, agents, and employees, were negligent as follows: "in not providing sufficient cars for the accommodation of the passengers of the train, and in not providing sufficient seating capacity for all passengers on the train; in permitting drunken, riotous, and disorderly passengers to be upon the train; in not restraining drunken, riotous, and disorderly passengers from interfering with the peace, comfort, and safety of petitioner's son; in not restraining the said drunken, riotous, and disorderly passengers from committing an assault upon petitioner's son, and through said assault knocking him from the train." The jury, after hearing the evidence, returned a verdict in favor of the defendant, and the judge granted the plaintiff a new trial. This being the first grant of a new trial, the question to be determined is whether or not the evidence demanded the verdict.

(a) The jury were authorized to find that the plaintiff's son was found beside the railroad-track, dead, with bruises about his head; the doctors disagreed (or perhaps we should say did not testify in accord) as to the kind of instrument that likely made the wound. For the purposes of this case it may be conceded that the jury were authorized to find that the deceased came to his death

by falling off the train while a passenger thereon, and that the presumption of negligence, as provided by the Civil Code (1910), § 2780, was raised.

(b) The presumption raised by section 2780 is a rule of evidence and not a presumption of law, and may be rebutted, either by the testimony of the plaintiff or by that of the defendant.

(c) The presumption raised by section 2780 is raised only as to the specific acts of negligence alleged in the plaintiff's petition as the proximate cause of the injury alleged. The presumption is not raised with respect to negligence (if there be such) which is not pleaded. See *Georgia So. &c. Ry. Co.* v. *Thornton,* 144 *Ga.* 484 (87 S. E. 388), and cit.

(d) The evidence for the plaintiff, (and it may here be stated that the defendant offered no testimony) disproved every act of negligence alleged by the plaintiff which could have been the proximate cause of the homicide. Indeed, the only deduction that can be drawn from the evidence is that there is no foundation in point of fact for any of the plaintiff's allegations of negligence. Since the plaintiff must rcover upon the specific acts of negligence pleaded, if she recovers at all, the verdict in favor of the defendant was demanded. It was error to grant the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*