36419.   CONNER *v.* DOWNS.

Decided October 17, 1956.

*James R. Venable, Margaret Hopkins,* for plaintiff in error.

*A. M. Kelly, Erwin, Nix, Birchmore & Epting, Eugene A. Epting,* contra.

Townsend, J. ▮ Special ground 4 of the amended motion for a new trial complains of a charge of the trial court of Code (Ann. Supp.) § 68-1634, that drivers of vehicles proceeding in opposite directions shall pass each other to the right, and, on 2-lane highways, each shall yield to the other at least one half of the road, on the ground that this charge was not adjusted to the evidence and issues involved, and was prejudicial in that it

misled the jury into considering the defendant's conduct in the operation of his vehicle prior to striking the deceased, rather than his negligence at the moment of impact. The evidence shows that almost immediately before the moment of impact between the decedent and the defendant's automobile, at a distance of between 30 and 300 feet therefrom, the defendant met and passed the automobile from which the decedent had just alighted. The defendant was on his right side of the road at the moment of impact, and had to be on his right side of the road in passing the other vehicle. Applying the evidence to the charge, the jury would of course find that the position of the defendant's automobile was in conformity with legal requirements. If they inferred from certain testimony that the cars had passed each other not more than a car length or so from the point of impact, which they might have done, it is obvious that there was not time for the defendant to turn into the oncoming traffic lane after passing in an effort to avoid hitting the decedent. Thus, the charge was pertinent to one of the allegations of negligence charging the defendant with "failing to turn his said vehicle to the right or to the left so as to avoid striking petitioner's said husband, when there was no condition or obstacle present to prevent his so swerving." This ground is without merit.

Special ground 5 assigns error on a charge in the language of Code (Ann. Supp.) § 68-1657 as follows: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway: provided, however, that this section shall not apply to roadways in areas where there are no crosswalks nor intersections at which pedestrians may cross the roadway, but that on such roadways in such areas pedestrians crossing the roadway shall have equal rights with vehicles on the roadway," on the ground that, the pleadings of both sides admitting there was no crosswalk on the area in question, the charge should have been confined to areas without crosswalks and the first clause of this sentence should not have been charged. The charge did not, as contended, present for consideration the question of whether the decedent was under a duty to yield the right of way because of the existence of a marked or unmarked crosswalk at an intersection. Since

there was no intersection and no crosswalk, the first clause did not apply and the remainder of the sentence did apply; the jury could not have been misled, in view of uncontradicted pleadings and evidence on this feature of the case, into applying a rule as to yielding the right of way which, in the absence of instruction, they might have done, but which the court specifically charged they should not do under circumstances corresponding to the undisputed evidence. Further: "It is not cause for a new trial that the court read in charge to the jury a Code section, part of which was applicable to the case and part not, where it does not appear that the reading of the inapplicable part was calculated to mislead the jury or was prejudicial to the rights of the losing party." *Benton Rapid Express* v. *Sammons*, 63 *Ga. App.* 23, 29 (10 S. E. 2d 290); *Martin* v. *Hale*, 136 *Ga.* 228 (2) (71 S. E. 133); *Floyd* v. *Boss*, 174 *Ga.* 544 (5) (163 S. E. 606). The charge in its entirety was instruction to the jury that the plaintiff's husband was under no duty to yield the right of way to the defendant, was favorable to her, and she cannot complain.

■ The court charged the jury as follows: *"I charge you further that if you believe that a preponderance of evidence fails to show that the defendant was more negligent in the matter which caused the death of Lloyd Conner than was Lloyd Conner, himself, if he was negligent, or, if you find that Thomas Fullilove Downs and Lloyd Conner were equally negligent, then in either event you should find for the defendant.*

"If you should find from the evidence that the defendant was negligent, then, even though the defendant was negligent, if you also find that Lloyd Conner could have, by the exercise of ordinary care, avoided the consequences of the defendant's negligence or if Lloyd Conner could, by the exercise of ordinary care, have discovered and avoided the negligence of the defendant, the plaintiff cannot recover.

*"If the injury or damage was occasioned by the failure of the deceased to exercise ordinary care for his own safety, the plaintiff cannot recover.*

*"If under the facts and circumstances you find from the evidence in this case that the plaintiff, or rather that the deceased by the exercise of ordinary care on his part could have avoided being injured, the plaintiff would not be entitled to recover.*

*"If you should find that the plaintiff and the defendant were both at fault, and the plaintiff is not lacking in ordinary care for his own safety he would still be entitled to recover for his damages, but it should be diminished in proportion to the amount of damage attributable to him.*

"If the jury should believe that the plaintiff's husband was killed as alleged and that the same was due to the negligence of the defendant as alleged, and that the deceased could not have prevented the same by the exercise of ordinary care on his own part, the plaintiff would be entitled to recover on account of the death of the deceased.

*"If the jury should find that the deceased was negligent and that his own negligence contributed to his death, and that the defendant was negligent and that his negligence contributed to the death of the deceased, it would be the duty of the jury to determine the degree of the decedent's negligence contributing to his injury or death and the degree of the defendant's negligence contributing to the decedent's injury or death, and if in doing so the jury should find that the degree of negligence contributing to his death was equal to or greater than the degree of negligence attributable to the defendant, causing the death of the deceased, the plaintiff would not be entitled to recover, however if the jury should find the degree of negligence attributable to the decedent was less than that attributable to the defendant, the plaintiff would be entitled to recover but not the full amount of damages. Those damages when ascertained, that is the full life value of the decedent, should be reduced by the jury in proportion to the degree of negligence attributable to the decedent.*

"In reference to the duty to provide against danger, the obligation in law to avoid the consequences of another's negligence does not arise until negligence is proved and until such negligence is apparent, or by the exercise of ordinary care should have been apparent to the person sought to be charged with the failure to avoid negligence by the exercise of ordinary care to himself."

The remaining special grounds complain of the italicized portions of the charge on the grounds (a) that they indicate there was evidence in the record from which the jury might infer negligence on the part of plaintiff's decedent; (b) that no issue as

to comparative negligence was raised by the pleadings or evidence; (c) that the law as to contributory negligence, and the avoidance rule was improperly stated, and (d) that the charges are contradictory and confusing.

That there was evidence of conduct authorizing inference of negligence on the part of plaintiff's husband, see infra, in connection with the general grounds. It is not error to charge on contributory negligence and apportionment of damages where from the evidence the jury might find negligence on the part of both parties to exist, although the plaintiff in his pleadings contends he is free from fault and the defendant in his pleadings contends that the plaintiff's negligence is the sole proximate cause of his injuries. *Western & Atlantic R. Co.* v. *Cotter*, 132 *Ga.* 461 (1) (64 S. E. 474). So much has been written on the distinctions between contributory and comparative negligence that no restatement is needed here—see, among other cases, *Smith* v. *American Oil Co.*, 77 *Ga. App.* 463 (49 S. E. 2d 90) and *Willis* v. *Jones*, 89 *Ga. App.* 824 (81 S. E. 2d 517). In the *Smith* case, at page 491, is a list of 9 rules for applying these principles of law to damage actions, one of which states: "If the injury or damage is occasioned by the failure of the plaintiff to exercise ordinary care for his own safety, he cannot recover." This refers to that lack of ordinary care which occasions (in other words, is the proximate cause of) the injury. In the *Willis* case it is held that even if the plaintiff's negligence amounts to a failure to exercise ordinary care he may, under certain circumstances, recover, *provided* such failure to exercise ordinary care comes "before the duty arose to discover and avoid the defendant's negligence." There is no conflict of law here. That a plaintiff is guilty of ordinary negligence will not bar recovery where it precedes any duty on his part to discover and avoid the negligence of the defendant, but it will bar recovery where by exercising ordinary care for his own safety he would not have been injured at all, or where by exercising ordinary care he might have avoided the defendant's negligence after it became apparent to him, or where by exercising ordinary care he might have detected the defendant's negligence which, had it been detected, he could have avoided. Negligence of the plaintiff not falling into one of these three categories which concurs with negligence

of the defendant in proximately causing the injury but which does not equal or exceed the negligence of the defendant goes in reduction but not in bar of recovery. The charge as given stated the law on these questions correctly and was not contradictory or misleading. These grounds are without merit.

■ The evidence is, briefly, that the decedent and his 14-year-old son were driven on an errand by one Wages; that they returned after dark and Wages first intended to turn left and into the driveway of the decedent's home but, observing 2 cars approaching him some distance away he instead pulled off onto the shoulder of the road and stopped almost directly across from the driveway; that the son alighted, crossed the road in back of the car, walked a short distance up the driveway, and then turned around, just at the moment of impact; that the decedent alighted from the right side of the automobile, stood on the shoulder of the road near the right front fender for a brief moment speaking to the driver and the driver then pulled off, still before the cars whose lights he had noticed had reached the spot; that the driver started toward his own driveway which was up the road on the right some 300 or 400 feet, that he passed the defendant's car before he had shifted into second gear and gotten back on the highway (a distance from the point of impact which, from all the evidence, must have been approximately between 30 and 300 feet). Both automobiles, as well as a car following behind the defendant's car, had their lights on dimmed. The defendant was traveling between 35 and 50 miles an hour. He saw a figure (the decedent's son) cross the road. He passed the Wages car, saw the decedent in front of the car and hit him before having time to apply his brakes; thereafter the car was braked and left tire marks on the road for a distance of between 96 and 131 feet.

From this evidence the jury was authorized to find that the lights of the oncoming cars were visible to the plaintiff's husband even before he alighted from the automobile; that as this car pulled out toward the oncoming traffic he immediately started across the road in front of it; that the defendant was traveling at a proper rate of speed with his lights properly dimmed and that the decedent was so close behind the Wages car that, because of its bulk and its headlights, he could not be seen by the defendant until he stepped in front of him. A verdict for the defendant

was authorized, although not required, by the evidence on the theory that under these circumstances he was not he was not negligent in failing to see the decedent in time to avoid hitting him, or that if negligent, his negligence did not preponderate over the negligence of the plaintiff's decedent.

The trial court did not err in denying the motion for new trial as amended. The assignments of error in the bill of exceptions to the overruling of certain special demurrers of the plaintiff to the defendant's answer, not having been argued, are treated as abandoned.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*