36332.   EVERETT, Next Friend, *v.* CLEGG.
36333.   EVERETT *v.* CLEGG.

Decided November 19, 1956—Rehearing denied December 4, 1956.

*Maddox & Maddox,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith,* contra.

CARLISLE, J. ■ Headnotes 1 and 10 require no elaboration.

■ Where in an action for negligence the pleadings and evidence present a multiplicity of circumstances under which the plaintiff would be entitled to recover, and a multiplicity of circumstances under which the plaintiff would not be entitled to recover, and the trial court in charging the jury enumerates the circumstances under which the plaintiff would and would not be entitled to recover, the fact that the number of circumstances enumerated under which the plaintiff would not be entitled to recover is greater than the number of circumstances enumerated under which he would be entitled to recover, constitutes no ground for the grant of a new trial where it does not appear that the trial court in charging the law covering such circumstances gave any erroneous statement of the law; and the trial court does not err in denying a special ground of a motion for a new trial based upon such contention. There is no merit in special ground 1.

■ In special ground 2, error is assigned upon the following excerpt from the trial court's charge to the jury: "I charge you that the plaintiff in either of the cases is not entitled to have and receive a verdict at your hands unless it appears that each of

them was injured and damaged in the manner and form contended for by him in his suit, and before plaintiff would be able to have and receive compensation for the alleged injuries, it must appear from the consideration of the evidence on the trial of the case that the defendant failed to exercise ordinary care and diligence and that by such failure to exercise ordinary care and diligence plaintiff was injured; that is, the plaintiff in each case, and to the end that you might knowingly understand the issues of facts presented by the parties to this case the court has heretofore submitted to you a synopsis of the contentions of the plaintiff on the one hand in each case, and the defendant on the other." The vice attributed to this excerpt is that the charge is an erroneous statement of law and tends to instruct the jury that the plaintiff, Clark H. Everett, must have himself been injured, and there was no allegation that he himself was injured. The excerpt states a correct principle of law and even the most cursory consideration of it shows that the court instructed the jury that the parties must have been injured and damaged "in the manner and form contended for in his suit." Under the pleadings in the case brought by Mr. Everett in his own behalf, it is alleged that he sustained enumerated damages as the result of medical expenses for his son, loss of his son's services, and damage to his motorcycle. The word "injuries" has no such circumscribed connotation either in law or in its ordinary use as to restrict its meaning to personal injuries alone. There is no merit in this ground of the motion for new trial.

■ In special grounds 3 and 5, the plaintiff complains that the trial court injected into the case extraneous issues, not raised by the pleadings or evidence, by instructing the jury that one who places himself in peril by creating an emergency must exercise ordinary care for his own safety, and by instructing the jury that one having two courses of action, one perilous and the other safe, must choose the safe course. "To warrant the court in charging the jury on a given topic, . . . it is not necessary that the evidence should shine upon it with a clear light. It is enough if glimpses of it be afforded by the evidence. Truth is often dim but is truth nevertheless. Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts." *Brown v. Matthews*, 79 *Ga.* 1 (4 S. E. 13).

From the evidence of the speed of the motorcycle on which the younger Everett was riding, the width of the street, the obscured view of the street from which the defendant's automobile emerged, the younger Everett's action in swerving the motorcycle first to the left and then to the right, the jury would have been authorized to find that he created an emergency and of the two open to him, chose the perilous rather than the safe course, and the trial court did not err in charging upon these two issues.

■ "The general rule is that the expected profits of a commercial business are too uncertain, speculative and remote to permit a recovery for their loss. *Cooper* v. *National Fertilizer Co.*, 132 *Ga.* 529 (64 S. E. 650); *Consolidated Phosphate Co.* v. *Sturdivant Co.*, 20 *Ga. App.* 474 (92 S. E. 155), and cit." *Palmer* v. *Atlantic Ice & Coal Corp.*, 178 *Ga.* 405 (2) (173 S. E. 424, 92 A. L. R. 176). There was evidence of the plaintiff's loss of profits from a chicken broiler business and cotton picking. There was also evidence of the younger Everett's expected earnings from a job for which he had applied only. The issue of contingent damages was raised by the evidence and the trial court did not err in charging the provisions of Code § 105-2008. There is no merit in special ground 4.

■ Both in everyday parlance and in legal phraseology, the word "mischief" is synonymous with injury, and it is clear that in the context in which it was used in the charge, "mischief" was intended by the court to mean "damage," "harm," "hurt," or "injury," and we believe could not have been otherwise understood by the jury. Consequently, the trial court did not err, as complained of in special ground 6, in including the following instruction in its charge to the jury: "I charge you that liability of the defendant is limited to those consequences which she should reasonably have anticipated as the natural and probable results of her own act or omission. The law does not require one to anticipate or foresee unusual or possible occurrences. It is probable danger that one must exercise ordinary care and prudence to prevent. Generally speaking, no one is bound to guard against or take measures to avert that which under the circumstances a reasonably prudent person could not anticipate as likely to happen. Mischief, which could by no reasonable person have been anticipated, cannot be taken into account as a basis upon which

to predicate a wrong." See in this connection *Pfeifer* v. *Yellow Cab Co.*, 88 *Ga. App.* 221, 226 (76 S. E. 2d 225).

■ While the plaintiff does not charge the defendant with the violation of any State statutes and the evidence shows no such violation, the plaintiff was not harmed by the following excerpt from the trial court's instructions to the jury: "I charge you, gentlemen of the jury, that if you should believe from the evidence that the defendant was guilty of a violation of any one or more of the State's statutes about which I have called your attention as contended for by plaintiff, and that such violation was the proximate cause of plaintiff's injury, if he was injured in the manner alleged, the plaintiff would be entitled to a verdict at your hands provided you believe that the plaintiff was in the exercise of ordinary care and diligence. The rules of law given in charge concerning the law applicable to negligence per se would not apply unless the jury should determine from the evidence that the defendant had violated the terms of one or more of the statutes or municipal ordinances referred to." Viewed in the light of the charge as a whole, this instruction is not subject to the construction placed upon it by counsel for the plaintiff, that the jury must find that the defendant violated a State statute in order for the plaintiff to recover. At various other points in its charge, the court instructed the jury that the plaintiff could recover if the defendant was negligent in failing to exercise ordinary care even though no law violation was involved. There is no merit in special ground 7.

■ It is so well established as to be axiomatic that a plaintiff, in an action founded on negligence, is confined to proof of the acts alleged in his petition (*Hudgins* v. *Coca-Cola Bottling Co.*, 122 *Ga.* 695, 50 S. E. 974; *Southern Ry. Co.* v. *Ray*, 155 *Ga.* 579, 118 S. E. 53) and a recovery can only be permitted on proof of the grounds specified in the petition and not on any other acts of negligence (*Georgia Brewing Assn.* v. *Henderson*, 117 *Ga.* 480, 43 S. E. 698; *Southern Ry. Co.* v. *Winn*, 25 *Ga. App.* 438, 103 S. E. 733); but, although several acts of negligence are alleged in the complaint, proof of all such acts is not required and a recovery will be sustained upon proof of any one or more of such acts (*Henry* v. *Ashley-Price Lumber Co.*, 18 *Ga. App.* 493, 89 S. E. 601; *Cavanaugh* v. *Biggin*, 9 *Ga. App.* 466, 71 S. E. 779).

Viewed in the light of the charge as a whole, the following excerpt from the trial court's instructions to the jury states a correct principle of law, does not violate any of the foregoing principles of law, and does not have the effect of instructing the jury that before the plaintiff could recover, every act of negligence charged in the petition had to be proved: "The plaintiff is entitled to recover if he proves to your satisfaction under the rules of law given you in charge that the defendant was negligent as alleged in his petition, and that he was injured and damaged as a proximate result thereof." There is no merit in special ground 8.

■ There is no merit in special ground 9 in which the plaintiff contends that the trial court erred in instructing the jury on the theory of accident as such an issue was not raised by the pleadings or evidence in the trial. "An 'accident' in its strict sense implies the absence of negligence, for which no one would be liable. *Stansfield* v. *Gardner,* 56 *Ga. App.* 634, 645 (193 S. E. 375). 'A charge that if the injury resulted from an accident, and neither party was at fault, there can be no recovery, is in the nature of an elaboration or additional statement of the proposition that the defendant is not liable if it is without fault.' *Savannah Electric Co.* v. *Jackson,* 132 *Ga.* 559, 563 (64 S. E. 680). In the petition, it is alleged that the plaintiffs were not negligent, and that the defendant was. The defendant denied these allegations and pleaded its own exercise of ordinary care. There was evidence to sustain a finding that neither party was at fault, and therefore the charge on accident was not error requiring the grant of a new trial. *Holliday* v. *City of Athens,* 10 *Ga. App.* 709 (5, 6) (74 S. E. 67); *Brown* v. *Mayor &c. of Athens,* 47 *Ga. App.* 820 (3) (171 S. E. 730); *Richter* v. *Atlantic Co.,* 65 *Ga. App.* 605 (4), 608 (16 S. E. 2d 259), and citations." *Baldwin* v. *Georgia Automatic Gas Co.,* 85 *Ga. App.* 767, 776 (70 S. E. 2d 108).

■ "As a general rule, if a party obtains knowledge during the progress of a trial of acts of jurors, or acts affecting them, which he shall wish to urge as objections to the verdict, he must object at once, or as soon as the opportunity is presented, or be considered as having waived his objections." 89 C. J. S. 134, § 483; *Sizer &c. Co.* v. *G. T. Melton & Sons,* 129 *Ga.* 143 (58

S. E. 1055) ; *Bass* v. *Winfry,* 20 *Ga.* 631; *Towns* v: *Rome Ry. & Light Co.,* 19 *Ga. App.* 457 (91 S. E. 790) ; *Deen* v. *Wheeler,* 7 *Ga. App.* 507 (67 S. E. 212). In special ground 11, error is assigned upon the fact that an acting bailiff of the court, at the request of the jury during their deliberations, furnished the jury with a booklet containing all the traffic rules and regulations of the City of Rome. From the affidavit of the acting bailiff, which is attached to and made a part of this special ground of the motion for new trial, it appears that counsel for the respective parties were informed by the acting bailiff of his action in furnishing the book to the jury prior to the time the jury had reached a verdict and it is not made to appear in this ground that counsel for the plaintiff made any complaint or took any action to remedy this misconduct. The plaintiff, consequently, is deemed to have waived this irregularity in the trial of the case, and there is no merit in special ground 11.

The trial court did not err in denying the motions for new trial for any reason assigned.

*Judgments affirmed. Gardner, P. J., and Townsend, J.,* concur.