36389. WILLS, Administrator *v.* EMORY UNIVERSITY.

CARLISLE, J. 1. "A private hospital in which patients are placed for treatment by their physicians and which undertakes to care for the patients and supervise and look after them, is under the duty to exercise such reasonable care in looking after and protecting a patient as the patient's condition, which is known to the hospital through its agents and servants charged with the duty of looking after and supervising the patient, may require. This duty extends to safeguarding and protecting the patient from any known or reasonably apprehended danger from himself which may be due to his mental incapacity, and to use ordinary and reasonable care to prevent it." *Emory University* v. *Shadburn,* 47 *Ga. App.* 643 (171 S. E. 192); *Adams* v. *Ricks,* 91 *Ga. App.* 494 (86 S. E. 2d 329); *Stansfield* v. *Gardner,* 56 *Ga. App.* 634 (193 S. E. 375); *Robertson* v. *Executive Committee of Baptist Convention,* 55 *Ga. App.* 469 (190 S. E. 432); *Brawner* v. *Bussell,* 50 *Ga. App.* 840 (179 S. E. 228).

2. It is so well established as to be axiomatic, that a plaintiff, in an action founded on negligence, is confined to proof of the acts alleged in his petition (*Hudgins* v. *Coca-Cola Bottling Co.,* 122 *Ga.* 695, 50 S. E. 974); *Southern Ry. Co.* v. *Ray,* 155 *Ga.* 579, 118 S. E. 53), and a recovery can only be permitted on proof of grounds specified in the petition and

not on any other acts of negligence (*Georgia Brewing Assn.* v. *Henderson,* 117 *Ga.* 480, 43 S. E. 698; *Southern Ry. Co.* v. *Winn,* 25 *Ga. App.* 438, 103 S. E. 733).

3. Where, in an action brought by an administrator of his wife's estate to recover for her pain and suffering occasioned by a fall from her bed, resulting from the alleged negligence of the defendant hospital in: (a) failing to have a nurse or employee on duty to see that his wife did not fall from her bed; (b) failing to place guard rails on the sides of her bed of sufficient height to prevent her getting out of bed by falling, or otherwise; (c) failing to tie or by other means secure her in her bed while she was left unattended; (d) failing to exercise the care required by law of the hospital; (e) failing to exercise ordinary care to prevent her attempting to get out of bed, or falling therefrom, while she was in a semi-conscious state and under the effects of drugs, the gravamen, or gist, of the plaintiff's action is the defendant hospital's leaving his wife unattended while she was in a semi-conscious condition and under the influence of drugs, and to recover it is incumbent upon the plaintiff to establish by the evidence adduced upon the trial that his wife was semi-comatose and under the influence of drugs at the time she was left unattended by the agents and servants of the hospital and fell from her bed. Under none of the evidence, neither that adduced upon the trial, nor that sought to be introduced, does the plaintiff show that his wife was at any time during the day or night prior to her fall from her hospital bed in a semi-conscious state, or under the influence of drugs, such as to cause the employees of the hospital to reasonably apprehend that her condition required the constant attendance of a nurse or other employee upon her to prevent her falling from her bed. She was admitted to the hospital on April 27, suffering from lobar pneumonia and in a semi-conscious state which caused her physician to suspect that in addition to her pneumonia she had suffered a cerebral vascular accident (a stroke) prior to her admission to the hospital. Side rails were attached to her bed to prevent her falling from the bed. A full-length rail was placed on one side of the bed and a half-length rail was placed on the other. She was unable to move in her bed (hemiplegia being suspected as a result of the stroke). She was incontinent (unable to control her bodily functions) and her inability to move about was so complete that it was necessary that she be bathed and fed by hospital attendants. Her pneumonia responded rapidly to treatment with antibiotics and on the night she fell from her bed she was mentally alert, conversed with her husband, and gave no indication that she would or could leave her bed. Consequently, the evidence not only authorized, but demanded the verdict for the defendant hospital, under the principles of law stated in the foregoing divisions of this opinion, and the trial court did not err in denying the motion for new trial for any reason assigned.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided November 21, 1956—Rehearing denied December 4, 1956.

736

*Dudley Cook, Cullen Ward,* for plaintiff in error.
*Thomas B. Branch, Jr., James A. Branch,* contra.