### 36469. Echols *v.* The State.

Carlisle, J. The defendant was tried and convicted under an accusation charging him with selling non-tax-paid whisky. His motion for a new trial, based upon the usual general grounds and six special grounds was denied.

1. The evidence authorized the verdict finding the defendant guilty of selling non-tax-paid liquor as witnesses for the State testified without contradiction that an officer purchased such liquor from the defendant.

2. Special grounds 1 and 2 of the motion for a new trial are merely elaborations of the general grounds which have been dealt with in division 1 of this opinion.

3. In the absence of a timely written request to instruct the jury upon a contention or theory raised solely by the defendant's statement, it is not error for the trial court to fail to charge upon such contention or theory (*Hardin* v. *State*, 107 *Ga.* 718 (2), 33 S. E. 700; *Watson* v. *State*, 136 *Ga.* 236, 239 (5), 71 S. E. 122); and, consequently, the trial court did not err in its failure to charge: "If the jury believes the contention of this defendant that he did not know there was whisky in the house or on the premises he could not have been convicted." There is no merit in special ground 3.

4. It is not ground for a new trial that one of the witnesses for the State could not positively identify a bottle of whisky introduced in evidence as the whisky bought from the defendant where another witness for the State does positively identify the whisky. There is no merit in special ground 4.

5. "When a motion for new trial is made on the ground of newly-discovered evidence, it must appear by affidavit of the movant and each of his counsel that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence." Code § 70-205. Under an application of this principle of law to the facts of the present case, we cannot say that the trial court erred in refusing to grant a new trial based on newly discovered evidence as the motion for new trial was denied on September 1st and the defendant's affidavit was not attached until September 26th. See generally in this connection *Burge* v. *State,* 133 *Ga.* 431 (66 S. E. 243).

6. The defendant in a criminal case cannot complain in his motion for new trial that the trial court gave a charge which he himself requested the court to give. There was no merit in special ground 6 as the trial court in a note to this ground certifies that the charge complained of was given at the request of the defendant.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 22, 1957.

*Jake B. Joel,* for plaintiff in error.
*Preston M. Almand, Solicitor,* contra.