### 36728.   ECHOLS *v.* OLDHAM, Judge.

TOWNSEND, J.   1.   Where a defendant who has been convicted of a misdemeanor makes an extraordinary motion for new trial, which motion is heard by the trial judge and denied, but the judge signs and certifies a bill of exceptions to this court in which error is assigned on the judgment of the trial court denying the extraordinary motion for a new trial, such defendant is entitled, as a matter of right, to be admitted to bail pending his appeal, and it is the duty of the trial judge to assess the amount thereof, and allow such defendant to execute a supersedeas bail bond pending the disposition of such bill of exceptions.

2. The trial judge, in his discretion, may refuse to entertain an extraordinary motion for a new trial. If he entertains it and

denies it, he may in his discretion refuse to sign and certify a bill of exceptions assigning error on this judgment. If, however, in his discretion he entertains the motion, denies it, and signs and certifies a bill of exceptions to this court, the defendant is entitled to execute a supersedeas bail bond as a matter of right in which the trial court has no discretion. Code § 27-901; *Allen* v. *Pratt,* 87 *Ga. App.* 704 (75 S. E. 2d 329).

It follows that the mandamus nisi is made absolute.

*Gardner, P. J., and Carlisle, J., concur.*

DECIDED APRIL 17, 1957.

*Jake B. Joel, Gary L. Pleger,* for petitioner.

The petitioner filed in this court an application to mandamus the Judge of the City Court of Athens to execute a supersedeas bond.

From the petition and the response of the trial judge it appears without dispute: that the defendant had been tried and convicted in the City Court of Athens for selling non-tax-paid whisky; that he had filed a motion for a new trial which had been denied, that he excepted to this court and the conviction was affirmed (*Echols* v. *State,* 94 *Ga. App.* 898, 96 S. E. 2d 521) ; that some time after the remittitur in that case had been returned to the Clerk of the City Court of Athens and judgment entered thereon the petitioner presented the respondent judge with an extraordinary motion for new trial which was subsequently heard and denied; that thereafter the petitioner presented to the respondent a bill of exceptions assigning error on the judgment of the trial court denying his extraordinary motion for new trial; that the respondent signed and certified the bill of exceptions, and that the case is pending in this court; that, after the signing and certification of the bill of exceptions, the petitioner filed an application with the respondent for leave to execute a supersedeas bail bond; that the respondent refused, and in his response filed in this court assigns substantial reason for this refusal, had the subject matter been one of judicial discretion.