37064. EVERETT *v.* CLEGG.

DECIDED MARCH 13, 1958—REHEARING DENIED APRIL 1, 1958.

*Maddox & Maddox, J. D. Maddox,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith, James W. Maddox,* contra.

GARDNER, Presiding Judge. 1. The evidence is amply sufficient to support the verdict. The general grounds are without merit.

2. Special ground 1 assigns error because the court charged as follows: "I charge you that no one is entitled to relief from the consequence of negligence, of neglecting to exercise ordinary care for his own protection, and safety, merely because the failure to do so arose from an emergency brought about by his own act in voluntarily placing himself in a position of peril, then he was

not excused from exercising such care and he would not be entitled to recover in this case." This special ground of the motion for a new trial complains of an excerpt from the charge which was substantially the same as the charge complained of in special ground 3 of the motion for a new trial when the case was in the Court of Appeals before. See *Everett* v. *Clegg*, 94 *Ga. App.* 725, 730 (96 S. E. 2d 382). Moreover when this same case went to the Supreme Court, the Supreme Court, in effect, affirmed the ruling of the Court of Appeals in this respect. This ground was accordingly settled on a former appeal and it is not necessary to pass thereon.

3. Special ground 2 assigns error because the court charged as follows: "I charge you that liability of the defendant is limited to those consequences which he could reasonably have anticipated as the natural and probable result of her own act or omission. The law does not require one to anticipate or foresee unusual or possible occurrences. It is probable danger that one must exercise ordinary care and prudence to prevent. Generally speaking, no one is bound to guard against or take measure to avert that which under the circumstances a reasonably prudent person could not anticipate as likely to happen. Mischief, which could by no reasonable person have been anticipated, cannot be taken into account as a basis upon which to predicate a wrong." This excerpt is identical with special ground 6 of the motion for a new trial when the case was in this forum before. The ruling made at that time is the law of the case and therefore it is not incumbent upon this court to reconsider this ground.

4. Special ground 3 assigns error because the court charged as follows: "Now I charge you that if you determine from the consideration of the evidence and under the rules and law given you in charge by the court that the defendant has violated the terms of one or more of the State's statutes or municipal ordinances, if there be it about which I—(well I didn't call your attention to any municipal ordinances), about the State laws about which I have just called to your attention, the defendant is guilty of negligence per se if it appears that she has violated any of the statutes of the State of Georgia about which I have called your attention. That is to say, it is negligence in itself, negligence of itself, negligence as a matter of law. Whether or

not the plaintiff has shown that the defendant has violated one or more of the State's statutes as referred to, is a question of fact for you gentlemen to determine under the rules of law as given you in charge." The error assigned on this excerpt of the charge is that "the court did not quote the State laws which were referred to in said charge." The court charged as to such statutes: "Under the general laws of this State it is the duty of every person to drive who operates an automobile on the highways, streets or thoroughfares of this State to do so in a manner that is safe and to keep a proper lookout for those who might be using the road coming in the opposite direction, or traveling on the road in any manner and that it is the duty of every person using the highways to drive in a careful, reasonable and safe manner, as any ordinary prudent person would do under similar and the same circumstances in the exercise of the requirements of the laws." It is our opinion that such was sufficient foundation for the court, in discussing negligence per se, to refer to "the State laws to which I have just called your attention." There is no merit in this contention.

5. Special ground 4 assigns error because it is alleged that the court erred in charging as follows: "I charge you that if you should find under the evidence and rules of law given you in charge, that the defendant was negligent and that the plaintiff could have avoided the consequences of the defendant's negligence after it was apparent, or could reasonably have been apprehended by him, by the exercise of ordinary care and diligence, the plaintiff would not be entitled to a verdict at your hands. The plaintiff must recover, if he recovers at all, upon proof of one or more of the acts of negligence as alleged and set out in his petition, and for which he claims the defendant is responsible and liable." *Conner v. Downs*, 94 *Ga. App.* 482 (95 S. E. 2d 393) is not authority for reversal on this ground. In the instant case the court charged that the plaintiff was bound to use ordinary care, as provided by Code § 105-603 which reads in part as follows: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover."

Special ground 5 assigns error because the court charged as follows: "I further charge you that if you should determine from

a consideration of the evidence and under the rules of law given you in charge that the defendant was negligent in a degree amounting to a failure to exercise ordinary care and diligence, and that, as a proximate result of such negligence of the defendant, the plaintiff sustained damages and that plaintiff could not have avoided . . . he could not have avoided the consequences of such negligence of the defendant, by the exercise of ordinary care, after the same was apparent, or should have been apparent to him, I charge you that plaintiff would be entitled to a verdict at your hands. But if you believe from the evidence that the plaintiff and the defendant were both negligent, and that this is not a case where the plaintiff could have avoided it by the exercise of ordinary care, then you would have the right to compare the negligence of the two and balance the one against the other and, if they were equally negligent, or if the plaintiff's negligence was greater than the defendant's negligence, the plaintiff would not be entitled to recover. But if the negligence of the defendant was greater than the negligence of the plaintiff, then the plaintiff would be entitled to recover; but the jury would diminish the damage of plaintiff if they find damages in his favor, in proportion to that his negligence contributed to the injury which was brought about by the concurrent negligence of the two."

As to special grounds 4 and 5 it is contended that the rule in *Conner v. Downs*, 94 *Ga. App.* 482, supra, was not properly charged, this being to the effect that the negligence of the plaintiff will bar recovery "where by exercising ordinary care he might have avoided the defendant's negligence after it became apparent to him, or where by exercising ordinary care he might have detected the defendant's negligence which, had it been detected, he could have avoided." The court, in giving this rule of law charged that the plaintiff could not recover if he "could have avoided the consequences of the defendant's negligence after it was apparent, or could reasonably have been apprehended by him, by the exercise of ordinary care" and could recover if he "could not have avoided the consequences of such negligence of the defendant by the exercise of ordinary care, after the same was apparent or should have been apparent to him." The complaint, in brief, is that a greater burden was placed on the

defendant than that fixed by law, in that the jury would not understand that the plaintiff must first use ordinary care to apprehend the defendant's negligence, and second must use ordinary care to avoid that negligence. It is our opinion that these two excerpts, taken together, sufficiently convey the idea that ordinary care must be used both to apprehend and to avoid the consequences of another's negligence. These special grounds show no cause for reversal.

The court did not err in denying the motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*