37353. CARROLL *et al.,* Executors *v.* HAYES.

DECIDED OCTOBER 23, 1958.

*Harris, Chance & McCracken, Otis W. Harrison, Fulcher, Fulcher, Hagler & Harper, E. D. Fulcher,* for plaintiffs in error.

*Congdon, Holley & Smith, Wm. P. Congdon,* contra.

NICHOLS, Judge. 1. The evidence on the second trial was substantially the same as that adduced on the first trial, the testimony of the deceased plaintiff having been read to the jury from the transcript of the first trial, and while a verdict for the defendant was not demanded, it was authorized. Accordingly, the usual general grounds of the amended motion for new trial are without merit.

2. Special ground numbered 6 of the amended motion for new trial appears, from a note attached by the trial court, to be an exception to an excerpt from the charge given at the request of the movant.

Where the movant has requested the trial court to give a certain charge, whether the charge is harmful to the movant or not, he cannot complain. See *Laing* v. *Bodiford,* 25 *Ga. App.* 460 (103 S. E. 743); *Echols* v. *State,* 94 *Ga. App.* 898 (6) (96 S. E. 2d 521).

In the brief of counsel for the plaintiff it is contended that in reality exception is not taken to the charge given, but that exception is taken to the charge given because the trial court failed to charge other principles of law in addition thereto.

As shown above the movant cannot complain of the charge given, and it is no ground of error to give a correct charge be-

cause additional instructions were not given. See *Payne* v. *Young,* 27 *Ga. App.* 370 (4) (108 S. E. 312); *Atlantic Coast Line R. Co.* v. *Clements,* 92 *Ga. App.* 451, 456 (88 S. E. 2d 809).

3. Special ground 5 complains that the trial court erred in refusing to allow Lybrand Hutto, a police officer who investigated the collision, to give opinion testimony as to the speed of the defendant's automobile at the time of the collision. The witness did not see the collision but apparently arrived at the scene of the collision before either vehicle had been moved. The witness testified that he was a traffic policeman for the City of Augusta, Georgia, on the date of the collision, that he had investigated quite a few other accidents and that he had seen collisions before.

While it has long been the rule in this State that where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury (*Lovejoy* v. *Tidwell,* 212 *Ga.* 750, 751, 95 S. E. 2d 784), it is also well established that whether a witness has such learning and experience in a particular art, science, or profession as to entitle him to be designated as an expert, or to be deemed prima facie an expert, is a matter addressed to the sound discretion of the trial court, and such discretion will not be disturbed unless it is manifestly abused. See *Clary* v. *State,* 8 *Ga. App.* 92 (2) (68 S. E. 615); *Whatley* v. *Henry,* 65 *Ga. App.* 668, 681 (16 S. E. 2d 214); *Hinesley* v. *Anderson,* 75 *Ga. App.* 394, 398 (43 S. E. 2d 736), and citations.

The evidence in the present case does not show that the trial court manifestly abused its discretion in refusing to allow the witness to testify as an expert.

The contention is made that under the authority of *Rentz* v. *Collins,* 51 *Ga. App.* 782 (4) (181 S. E. 678), and other similar cases, the witness should have been permitted to state his opinion as to the speed of the vehicle driven by the defendant based upon the facts to which he testified.

The witness testified, in addition to what is set forth above, that he arrived at the scene of the collision after the collision had taken place (he did not see either vehicle in motion), that his investigation showed that the front of the automobile driven

by the defendant struck the right side of the vehicle being driven by Edward P. Dicks, Sr., that the impact turned Mr. Dicks' automobile over on its left side against an iron pole approximately 15 feet from the point of impact, that Mr. Dicks was driving a 1949 Hudson and the defendant a 1941 Oldsmobile, that as to the area where the collision took place: "The only thing I could go by was approximately where her car was sitting and the dirt that was in the street," that the automobile being driven by the plaintiff traveled approximately 45 feet after entering the intersection to the point of impact while the defendant's traveled only 15 feet into the intersection to the point of impact, that the Hayes' automobile was in its right-hand lane, and that the Dicks' automobile was a heavy type automobile.

While on cross-examination the witness testified as to other facts, at the time the opinion was excluded from the evidence, only the above facts had been adduced.

The distance each vehicle traveled into the intersection before reaching the point of impact would not show speed, nor would the lane in which either was driving. While the weight of one of the vehicles involved in the collision would have been some evidence to aid the witness in arriving at an opinion as to speed, as would the distance traveled by the vehicles after the collision (he had only testified as to the distance traveled by one of the vehicles after the collision), without stating facts as to the weight and distance traveled by the other vehicle, the condition of the road (i.e. wet or dry, asphalt, cobblestone, dirt or concrete), skid marks, if any, and other facts relating to the terrain, the proposed testimony of the witness as to the speed of the vehicle operated by the defendant at the time of the collision would have been a bare conclusion which, even if admitted without objection, would not have had any probative value. See *Herrington & Co.* v. *Shumate Razor Co.*, 6 *Ga. App.* 861, 864 (65 S. E. 1064).

4. Special ground 1 of the amended motion for new trial assigns error on certain excerpts from the charge wherein the jury was instructed in effect that, if by the exercise of ordinary care the plaintiff could have avoided the negligence, if any, of the defendant, the plaintiff could not recover.

The contention is made that the excerpts of the charge complained of were error because such excerpts were instructions of "half principles of law," because they failed to limit the responsibility of the plaintiff to avoid the defendant's negligence until after such negligence was either discovered or in the exercise of ordinary care should have been discovered. The charge given was not error. See *Pollard* v. *Page*, 56 *Ga. App.* 503 (4) (193 S. E. 117); *Conner* v. *Downs*, 94 *Ga. App.* 482 (2) (95 S. E. 2d 393).

While the excerpts of the charge complained of do not expressly limit the responsibility of the plaintiff to avoid the defendant's negligence to a time when such negligence was discovered or should have been discovered in the exercise of ordinary care, the jury was instructed: "Now, gentlemen of the jury, every operator on an automobile has the right to assume that the other party is going to obey the law and they may act on that to the point where they see the other party is failing to do that, then they must seek to avoid the injury or the negligence of the other party. . . In other words, if the plaintiff could have gotten out of the way by the use of ordinary care and diligence, then the law places the burden on that party not to stay there and suffer damages." The jury was instructed as to the principle of law which the plaintiff contends was omitted. If further instructions had been desired they should have been the subject of timely written requests. No error is shown in this ground of the motion for new trial.

5. Special ground 2 assigns error on an excerpt from the charge wherein the jury was instructed that the proximate cause of an injury is such an act that a person of ordinary prudence and caution would have foreseen that some injury, although not necessarily the injury that did occur, would result therefrom.

While the language of the charge excepted to is not the language usually employed for such charge, the excerpt complained of is not erroneous as a matter of law, and no reversible error is shown by this special ground of the motion.

6. Special ground 3 complains of an excerpt from the charge wherein the trial court charged the jury an ordinance of the City of Augusta. The ordinance requires that all vehicles en-

tering a through street or crossing a through street must yield the right of way to those vehicles traveling on the through street which have entered the intersection or are approaching so closely on such through street as to constitute an immediate hazard, but after so yielding the right of way may proceed, and all other vehicles approaching the intersection on the through street shall yield the right of way to vehicles entering or crossing the through street.

The contention of the plaintiff is that there was no evidence to authorize this charge because there was no evidence that the street on which the defendant was traveling was a through street.

The defendant testified in part: "Well, Buena Vista [the street on which the defendant was traveling], is a thoroughfare down there and there are stop signs at all these other corners of the intersection, and Buena Vista is a main thoroughfare and I assumed he would stop." A plat of the intersection was introduced in evidence showing the location of stop signs at the intersection where the collision occurred.

While it is well settled that the jury should not be instructed as to law on issues not supported by either the pleadings or evidence, it is just as well settled: "However, 'to justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it.' *Holland* v. *Long,* 57 *Ga.* 41 (3); *King* v. *State,* 77 *Ga. App.* 539, 540 (49 S. E. 2d 196)." *Pope* v. *Associated Cab Co.,* 90 *Ga. App.* 560, 561 (83 S. E. 2d 310). While there was evidence introduced in the present case to contradict that which was quoted above, the evidence in the present case authorized the charge complained of and no error is shown by this ground.

7. Special ground numbered 4 assigns error on an excerpt from the charge wherein the jury was instructed as to the duty of all operators of motor vehicles on the public highways. The court was instructing the jury as to a general principle of law applicable to both the plaintiff and the defendant, and no error is shown by this special ground of the amended motion for new trial.

The verdict was authorized by the evidence, and no reversible error being shown by the amended motion for new trial, the judgment of the trial court denying the plaintiff a new trial must be affirmed.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*